WINSHIP ET AL. *v.* WINSHIP ET AL.

WILL.—*Mortgage.*—*Election.*—*Estoppel.*—The owner of certain real estate made a will, in which he devised to his wife one-third of such real estate and to one of his sons two-thirds. Afterward, he executed to the same son certain promissory notes and also, to secure them, a mortgage on the whole of the land previously devised. The mortgagor afterward died, leaving the widow, the said son, and also a number of other heirs-at-law him surviving, said will being unrevoked and said mortgage being in force and unsatisfied. Afterward, the son in whose favor the will and mortgage had been made commenced a suit to foreclose the mortgage, making defendants the widow and other children and grandchildren of the deceased mortgagor, in his complaint alleging that the defendants were "heirs" of said deceased mortgagor; which proceeding to foreclose was dismissed by the plaintiff.

*Held,* that the doctrine of election did not apply; that his attempt to foreclose the mortgage, he being also a devisee of the same land, was not an election to claim under the mortgage or a waiver or relinquishment of any right he might have had under the will.

*Held,* also, that such attempt did not constitute an estoppel. It is only where the point in issue has been determined that the judgment is a bar. If the suit is discontinued, or the plaintiff becomes nonsuited, or for any other cause there has been no judgment of the court upon the matter in issue, the proceedings are not conclusive. The mere fact of bringing the suit to foreclose the mortgage, the complaint alleging that the defendants were "heirs" of the

mortgagor and seeking to foreclose their equity of redemption, the suit having been dismissed, did not estop the devisee from asserting his claim under the will; nor did the fact that expenses were paid by the defendants to such suit of foreclosure in defending the same create an estoppel.

From the Tippecanoe Common pleas.

*Jones, Miller & Stallard, Wallace & Hiett,* and *C. A. Ray,* for appellants.

*W. D. Lee* and *P. H. Lee,* for appellees.

DOWNEY, C. J.—This was a petition for the partition of certain real estate described in the petition, filed by the appellees against the appellants. There was an answer and a reply, trial by the court, and judgment for partition; and the court, having found that the land could not be divided, ordered it sold, and appointed a commissioner to make the sale. From this judgment the appeal was taken. No objection is made that the appeal was taken prematurely. It appears that on the 16th day of June, 1855, Stephen Winship was the owner of the land in fee simple, and on that day made a will, by which he devised to his wife, the said Rebecca Winship, one-third of the land, in case she should survive him, and the other two-thirds he devised to his son, Charles Winship. There was a clause in the will by virtue of which Charles was to have the one-third devised to his mother in case she died before his father. The deceased had a personal estate, but it is not material to notice that fact more particularly.

On the 23d day of February, 1857, Stephen Winship executed to his said son Charles two promissory notes for the aggregate sum of nine hundred and eighty-six dollars; and on the 26th day of the same month he executed to said Charles a mortgage on all of the real estate in question, in which his wife did not join, to secure the payment of the said notes.

Stephen Winship departed this life in 1862, and afterward, in July, 1862, the said will was duly probated and admitted to record.

In February, 1863, Charles Winship commenced an

action in the Tippecanoe Circuit Court, to foreclose the said mortgage, making defendants thereto the widow, the children, and the children of deceased children of said deceased, and the administrator with the will annexed of his estate, styling the widow, children, and children of deceased children, "heirs" of the deceased, and asking the foreclosure of their equity of redemption. Rebecca Winship, the widow, Amanda Gaddis, a daughter, with her husband, and the administrator with the will annexed answered the complaint, disputing, in part, the consideration of said notes, in some of the paragraphs, and denying entirely any consideration in another. Demurrers to some of the paragraphs were filed and overruled, and replies were filed, when at the April term, 1863, the action was dismissed by the plaintiff.

In May, 1869, the appellees filed their petition in this case for partition of the land. The petitioners were Mary Ann Winship, Lilly Winship, William Winship, James Winship, Solomon Gaddis, William H. Gaddis, Virginia Gaddis, Stephen W. Gaskill, Sarah E. Gaskill, Elizabeth Winship, Amelia Kundler, George W. Kundler, and Loretta Gaddis. The defendants were Rebecca Winship, the widow, Charles Winship, and Edward Winship.

The defendants answered, setting up that Rebecca Winship and Charles Winship were the exclusive owners of the land by virtue of the will of said deceased, setting it out.

The petitioners replied: 1. That the plaintiffs and defendants are the heirs of Stephen Winship, deceased, whose will is set forth in the defendants' answer; that said Charles Winship, one of the defendants to this action and devisee in said will, after the decease of said Stephen Winship, on, etc., with full knowledge of the terms of said will, and all of his rights in connection therewith, commenced an action against the heirs of said deceased, Stephen Winship, among whom were these plaintiffs, in the Tippecanoe Circuit Court, etc., to foreclose a mortgage executed by the said Stephen Winship in his lifetime to said defendant Charles Winship; that said Charles Winship therein alleged that these plain-

tiffs were heirs of the said deceased, and asked that their
equity of redemption as such might be foreclosed; that the
plaintiffs acted upon said admission; that they employed
counsel and appeared and defended against said foreclosure;
that they were put to great cost and trouble thereby; that
said Charles Winship had full knowledge of the making of
said will, and the circumstances and influences attending the
same; that no other heir had any knowledge of the exist-
ence of said will until after the death of said Stephen, and
the same was published by the defendant Charles. They
further say that said Charles has never had possession of said
land or attempted to assert any right thereto by virtue of
said will, as against the plaintiffs, but the same has been
treated and regarded by the plaintiffs, as admitted in the
complaint of the said defendant Charles, as the joint prop-
erty of the defendants and plaintiffs, as heirs of the said
Stephen Winship, deceased; wherefore said Charles is
estopped from asserting any title under said will. In a sec-
ond paragraph of the reply, they say that the matters and
things set forth in the foregoing paragraph are true and
made a part of this paragraph, and further say that after-
ward, to wit, on the 28th day of March, 1865, the defend-
ants entered into a contract adjusting their claims to the
estate of said Stephen Winship, deceased, and that said
Charles therein conveyed and quitclaimed to Edward Win-
ship, son of said Stephen and brother of said plaintiffs, a
certain part of said land on account of his heirship as son
of said Stephen; a copy of the deed is made part of the
paragraph; wherefore, etc. The instrument referred
to in this paragraph is dated May 28th, 1865, and it is
between Rebecca Winship, the widow, of the first part,
Charles Winship, son and devisee of said deceased, of
the second part, and Edward Winship, son and distrib-
utee of the decedent, of the third part. It recites that the
parties had that day settled and adjusted all their claims to
the estate, both real and personal; that Edward had advanced
sixty-five dollars to the administrator to pay costs and

charges thereof; and in consideration of the premises and for the purpose aforesaid, and to have partition of said real estate, said Rebecca conveyed and quitclaimed to Charles a part of the real estate; and Charles and his wife, in consideration of the premises, and for the purposes aforesaid, and to have partition of said real estate, conveyed and quitclaimed to Rebecca and Edward a certain other part, as tenants in common, two-thirds to her and one-third to him; and they mutually agreed that none of them would make any claim against the estate or the administrator, for any property inventoried or sold by him.

Separate demurrers to each paragraph of the reply were filed, on the ground that they did not state facts sufficient to constitute a reply to the answer; which were each overruled by the court, and the questions were reserved by exception.

There was a trial by the court and a finding, among other things, that the deceased, by his last will and testament devised to the defendant Charles Winship the undivided two-thirds of the real estate in question, but that he was estopped to set up any claim or title thereto under the will. The defendants moved the court for a new trial, for the reason, among others, that the finding of the court was not sustained by the evidence. This motion was overruled, and there was judgment for partition, by which it was ordered that one-third of the land be set off to the widow; to Charles Winship, Edward Winship, and Sarah Gaskill, one-ninth; to Mary Ann Winship and Solomon Gaddis, each one-twenty-seventh; to Lilly Winship, William Winship, and Jane Winship, William H. Gaddis, Loretta Gaddis, and Virginia Gaddis, each one undivided two-eighthy-firsts thereof; and to Elizabeth Winship and Aurelia Kundler, each one-eighteenth thereof.

The errors assigned in this court are: 1. Overruling the defendants' demurrer to the first paragraph of the reply. 2. Overruling the demurrer to the second paragraph of the reply. And, 3. Overruling the defendants' motion for a new trial.

The first position assumed by counsel for the appellees is, that although by the will of the deceased, Charles Winship became the owner in fee simple of two-thirds of the real estate of his father, yet, by his attempt to foreclose the mortgage executed after the date of the will by his father, he elected to claim under the mortgage, and thereby waived or relinquished any right or estate which he would otherwise have had under the will.

It is evident, we think, that this is not a case to which the doctrine of election, in any view of it, can be applied. It is not a case where the party claims under a will which contains two inconsistent or alternative provisions in his favor out of the estate of the devisor, in which case, under most circumstances, the devisee or legatee will be put to his election. Here the interest or estate of Charles under the mortgage was wholly distinct and separate in its origin and derivation from the estate which he took under and by virtue of the will. The testator, moreover, could not have intended that the devise should be in lieu or in satisfaction of the mortgage, for the will was made before the mortgage was executed. The execution of the mortgage, clearly, did not operate as a revocation of the will which had been previously made. Most cases of election are those where the testator leaves a portion of his property to A., for instance, and by the same will disposes of property belonging to A. Here the double disposition made by the testator implies that he did not intend that A. should have both the interests, and he must, therefore, elect between the two, and either relinquish his own property or compensate the disappointed donee out of the property bequeathed. Thus it will be seen that two things are essential to originate and require such election; first, that the testator shall give property of his own, and, second, that he shall profess to give also the property of his donee. It is clear from this statement that the case in hand does not come within the doctrine relating to this kind of election.

But although the doctrine of election is discussed, to some

extent by counsel for the appellees, we do not understand them as putting their case fully upon that ground. We understand that they put the case, so far as the sufficiency of the first paragraph of the reply is concerned, upon the ground of estoppel, and that was the ground on which the case seems to have been decided in the common pleas. It is put on the ground that by bringing the action to foreclose the mortgage, styling the plaintiffs herein in his complaint as heirs of the deceased, and asking to foreclose their equity of redemption, connected with the fact that they acted upon the admission of an interest in them, thus made, and employed counsel and expended money on the faith of its truth, their claim was conclusively admitted, and that it would now be an injury to them to allow the admission to be withdrawn, by causing them to lose their time and money expended, and would result in a loss to them of the estate, and that therefore the said Charles is estopped to set up his estate under the will.

What is the effect of the commencement of the suit to foreclose the mortgage, the recitals or allegations in the complaint stating that the plaintiffs were heirs of Stephen Winship, seeking to foreclose their equity of redemption in the land, and the dismissal of the action, without the allegation of the making of expenditures of money and time in the defence of that action?

It is only where the point in issue has been determined, that the judgment is a bar. If the suit is discontinued, or the plaintiff becomes nonsuited, or for any other cause there has been no judgment of the court upon the matter in issue, the proceedings are not conclusive. 1 Greenl. Ev., sec. 529; 2 Smith Lead. Cas. 826; *Boileau* v. *Rutlin*, 2 Exch. 664; *Holt* v. *Miers*, 9 Car. & P. 191; *Smith* v. *Harrell*, 16 La. An. 190. In *Werkheiser* v. *Werkheiser*, 3 Rawle, 326, the plaintiff had presented a petition to the Orphan's Court, setting forth that his father died seized of the premises therein described, leaving a widow and seven children, and praying the court to award an inquest to make

partition, etc., and it was held by the court, that this did not estop him from afterward maintaining an ejectment for the same premises and proving that they were the estate of his mother, who was his father's first wife, and descended to him as her heir, to the exclusion of his brothers and sisters, the children of the second wife. The court said in this case: " If a man institute a suit, and has made an error in declaring, or in the parties to the action, he may discontinue it, and proceed in such other form as the nature of his case may require, without being estopped, even though the second suit be founded upon a cause of action different from the former, and denying the allegations in the first declaration."

In *Miller* v. *Baker,* 1 Met. 27, it was held that where a party had, at the first trial of a cause, set up a conveyance as a mortgage, and it was decided that the conveyance was absolute, he was not estopped to rely on it as absolute at a second trial.

Where a tenant of land presented a petition to the legislature, admitting that the land belonged to the commonwealth, and praying that it might be granted to him, and thereupon the land, by the authority of the legislature, was sold to another person, it was held that the tenant was not estopped from setting up his title, and that such act was only to be regarded as an admission which could be explained or disputed. *Owen* v. *Bartholomew,* 9 Pick. 520. In view of these authorities, we are of the opinion that the mere fact of bringing the suit to foreclose the mortgage, the complaint alleging that the plaintiffs were heirs of Stephen Winship, and seeking to foreclose their equity of redemption, and the suit having been afterward dismissed, does not estop Charles Winship from asserting his claim under the will. Does the additional allegation in the paragraph, that the plaintiffs employed counsel, appeared to the action, and expended money and time in the defence of it, make the paragraph good? We are of the opinion that it does not. If the incurring of expense in such a case can, under any circumstances, render the allegations of the pleading conclusive, the

pleading relying on it should state what amount was expended and for what purpose, so that the court might know that the amount paid was sufficient to give character to the transaction, and that it was paid for a purpose legitimately connected with the litigation. There is no intimation, however, in any of the authorities which we have examined, that the payment of the expenses of defending an action can be relied upon to give to the allegations of the complaint in the action, after the dismissal of the suit, the character of an estoppel. In this case, the plaintiffs knew of the existence of the will, and that they were heirs of Stephen Winship, when they made the alleged expenditures, as well as Charles Winship did. He made no representations to them upon the faith of which they expended money, unless it was the implied representation that they had an equity of redemption in the land. By this we think he was not concluded, for the reasons which we have already stated.

The record filed with the reply does not sustain it. The reply alleges that the plaintiffs employed counsel, appeared, and defended the action to foreclose the mortgage. The record shows that only the widow, who is not a plaintiff, Amanda Gaddis, who is dead and not a plaintiff, and the administrator, who is not a plaintiff, appeared and defended the action. In our opinion the paragraph in question is bad, and the demurrer to it should have been sustained.

The second paragraph of the reply is clearly defective. So far as the pleader refers to the preceding paragraph and attempts to incorporate it into the second, he violates a well established rule of pleading, which requires that each paragraph of a pleading must be sufficient of itself, without reference to those which precede or follow it, and must stand or fall upon its own merits. We cannot therefore regard this part of the paragraph as giving any support to the other part. The making of the conveyances to which the paragraph refers cannot possibly be regarded as creating any estoppel in favor of the plaintiffs. They were not parties to the transactions at all, nor do they claim as being in privity

with any of them.   It is simply alleged that Charles con-
veyed by quitclaim deed to Edward, a brother, on account
of his heirship, as son of the deceased, a certain part of the
real estate.   It appears from the instrument, a copy of
which is filed, that Edward was to pay a sum of money to
the administrator, etc.   We think that Charles had a right
to compromise with Edward, as it is alleged he did, without,
by that act, creating a right in the other children and the
grandchildren to claim an equal or greater or any share of
the estate.   They are not content with the terms conceded
to Charles, but insist upon a full share of the estate uncon-
ditionally.   It is said in *Simpson* v. *Pearson,* 31 Ind. 1, that
it is a well settled rule in such cases that no man can set up
another's act or declaration as the ground of an estoppel,
unless he has himself been misled or deceived by such act
or declaration.

The evidence fails to show the expenditure of any
money by any of the plaintiffs in the defence of the fore-
closure suit.   We need not, however, consider the questions
which are presented by the assignment of error, relating to
the overruling of the motion for a new trial.

The judgment is reversed, with costs, and the cause
remanded, with instructions to sustain the demurrers to the
paragraphs of the reply.