No. 9602.

HUNT *v.* CAMPBELL ET AL.

LEASE.—*Description.—Conveyance.—Title.—Contract.—Partnership.—Landlord and Tenant.—Notice to Quit.*—A. leased an indefinite quantity of land to B. for fifty years, to be by them used as a vineyard.  A., after the land had been selected and improved, died, having devised the land to C., his wife, who thereafter divided said vineyard, and conveyed, by accurate description, the one-half of it to B.

*Held*, that B. did not acquire a fee simple to the premises by such conveyance.

*Held*, also, that the indefinite description of the premises was supplied by the subsequent deed of C., and both must be construed together as constituting one contract, the former measuring the time, and the latter describing the premises, and hence the estate of B. was not a tenancy from year to year, and could not be terminated by a notice to quit.

REAL ESTATE, ACTION TO RECOVER.—*Complaint.—Answer.—Proof.—Estate for Years.*—In an action to recover the possession of real property, where the plaintiff alleges that he is the owner in fee simple, an answer, which avers that he has only an estate for years, is sufficient, as proof of the latter will not support an averment of the former.

From the Porter Circuit Court.

*T. J. Merrifield*, for appellant.

*A. D. Bartholomew*, —— *Smith* and *L. Hubbard*, for appellees.

BEST, C.—This action was brought by the appellant against the appellees to recover the possession of a certain parcel of land in Porter county, Indiana.   It was averred in the complaint that he was the owner in fee simple and entitled to the possession of the land.

Hunt v. Campbell *et al.*

An answer of two paragraphs was filed. A demurrer for the want of facts was overruled to the second paragraph, an exception reserved, and, the appellant declining to further plead, final judgment was rendered against him. The ruling upon the demurrer is assigned as error, and presents the only question in the record.

The second paragraph of the answer was as follows: "And for a second answer to plaintiff's complaint, the defendants say that, prior to April 24th, 1866, one Charles G. Finney was the owner in fee simple of the following described lands, situate in Porter county, Indiana, to wit: the west half of the northeast quarter of section thirty (30), in township thirty-five (35) north, of range five (5) west, and, on said 24th day of April, 1866, said Charles G. Finney and one N. R. Strong entered into an agreement in writing, in the words and figures following:

"'This indenture made and entered into this 24th day of April, 1866, between Charles G. Finney, of the first part, and N. R. Strong, of the second part, witnesseth: That the said party of the first part has leased and demised unto the said party of the second part, a certain quantity of land lying in the west half of the northeast quarter of section thirty (30), in township thirty-five (35), range five (5) west, in Porter county, in the State of Indiana, to wit: not less than ten nor more than forty acres, or so much thereof as the said parties may think necessary for the purpose hereinafter mentioned, for the term of fifty years; and the said party of the second part hereby agrees to plant said land with grapes, the said party of the second part furnishing all the plants necessary to plant the same, at his own expense.

"'The said party of the first part hereby agrees to plow and subsoil said land and put the same in proper order for receiving said plants without charge or expense to the said party of the second part.

"'And it is further understood and agreed between the said

parties, that each is to do one-half of all the work and labor of planting said grape-vines, and of attending and cultivating the same when planted. And each is to bear an equal share of all the necessary expense incurred in and about the attending, cultivating and raising said grape-vines.

"'It is further understood and agreed that each of said parties is to receive and have one-half of all the profits which may in any manner arise from said vineyard, whether from the sale of plants, grapes or vines.

"'It is further agreed that neither of said parties shall remove or take away any part of said grape-vines without the other party's consent until the expiration of the lease; nor shall either party have the right to sell and convey his interest in and to said vineyard without the consent of the other.

"'Witness our hands and seals this 24th day of April, A. D. 1866.                                C. G. FINNEY,
                                            "'N. R. STRONG.'

"That thereafter, to wit, on the —— day of ———, 18—, said Charles G. Finney departed this life, leaving as his widow and sole devisee the defendant Elizabeth, who has since intermarried with the defendant Samuel A. Campbell.

"That said Charles G. Finney left a will, and by the terms of said will said Elizabeth became the devisee of said land, and after the death of said Charles G. Finney was the sole owner of the same in fee simple.

"That thereafter said Elizabeth and said N. R. Strong entered into a contract in writing, in the words and figures following:

"''Whereas, Elizabeth Finney, sole devisee of Charles G. Finney, deceased, and N. R. Strong are owners in common of a leasehold interest in a vineyard, on lands hereinafter described, which leasehold interest was created and is defined by a contract between said Charles G. Finney and said N. R. Strong, dated the 26th day of April, 1866; and whereas, said parties have agreed to partition their interests in said vine-

yard, and own and operate distinct parts of said vineyard in the future and dissolve all partnership in the same:

"'Now, therefore, said Elizabeth Finney, in consideration of the promises and agreement of said N. R. Strong, hereinafter mentioned, does hereby release and quitclaim to the said N. R. Strong, all the right, title and interest which she has under said contract in and to that part of said vineyard contained within the metes and bounds following, to wit:

"'Commencing at a point twenty-one (21) rods and ten links (10) east of the southwest corner of the northeast quarter of section thirty (30), township thirty-five (35), range five, in Porter county, in the State of Indiana, and running thence east nineteen (19) rods and one (1) link, thence north forty (40) rods, thence east fourteen (14) rods and ten (10) links, thence north twenty-eight (28) rods, thence west thirty-two (32) rods and eleven (11) links, thence south twenty-eight (28) rods, thence west one (1) rod, thence south to the place of beginning. In consideration thereof the said N. R. Strong does hereby release and quitclaim to the said Elizabeth Finney, all his right, title and interest in and to the remaining portion of said vineyard situate in said n. e. ¼ of said section, and described as follows:

"'Commencing at the southwest corner of said northeast quarter of said section thirty (30) and running thence east twenty-one (21) rods and ten (10) links, thence north forty (40) rods, thence east one (1) rod, and thence north twenty-eight (28) rods, thence west twenty-two (22) rods and ten (10) links, and thence south to the place of beginning.

"'And the said N. R. Strong further agrees to pay all the taxes against the portion herein released to him, so long as he shall occupy the same.

"'In witness whereof, the said parties have hereunto set their hands and seals this 27th day of March, 1874.

"'N. R. STRONG, [Seal.]<br>"'ELIZABETH FINNEY. [Seal.]'

"That thereafter said N. R. Strong executed and delivered

to the plaintiff Franklin W. Hunt a conveyance of all his interest in the lands described in plaintiff's complaint, being a part of said west half of the northeast quarter, who thereafter went into possession of said lands; that on the 13th day of December, 1879, the defendants herein, served on the plaintiff a notice in writing, to deliver to Elizabeth Campbell, at the expiration of the current year, the premises in the complaint described; that thereafter, on the 1st day of May, 1880, the defendants, who are husband and wife, entered into possession of said land described in plaintiff's complaint, and still hold the same adversely to the plaintiffs, claiming that the wife owns the same in fee simple; that said plaintiff has no interest in said land except such interest as was derived from said Strong as hereinbefore stated."

The land described in the complaint is the same that was set apart to N. R. Strong by his agreement with Elizabeth Finney. The appellant insists that this agreement, fairly construed, conveys to Strong the fee to the land therein described, and hence the answer shows that he, as the vendee of Strong, is the owner in fee of the same. The appellees, on the other hand, claim that as the agreement of April 24th, 1866, did not sufficiently describe the land leased, it was void; that the act of taking possession and of planting a vineyard upon the land in the answer described, by the consent of Charles G. Finney, and in pursuance of said contract, merely constituted a tenancy from year to year; that the agreement of Elizabeth Finney simply partitioned the rights held under such tenancy, and the notice to quit at the expiration of the year terminated the tenancy. We are of opinion that neither position is correct. The contract of Elizabeth Finney did not purport to convey the fee of the land therein described to Strong, but simply her rights under the contract made by him with her former husband in the portion conveyed to him. As devisee of her deceased husband, she was the owner of the land, subject to the incumbrance created by the lease. In the

lease she had an interest, and this interest in a portion of the premises she released to Strong by her contract. After as before the contract, she owned the portion released subject to the lease. This contract, therefore, did not convey to Strong the fee of the land therein described.

Nor did the facts stated in the answer constitute a tenancy from year to year. It may be conceded that the description of the land in the lease was so indefinite that it could not have been enforced. The parties, however, could designate the land and carry out its provisions. By the averments of the answer this was done. They could afterwards supply a proper description of the land which the lease was intended to embrace, and if this was done, the fact that it was not done at the time the lease was executed furnishes no obstacle to its enforcement, nor does it impair its validity. As Charles G. Finney could have supplied the description, Elizabeth Finney, who succeeded to all his rights, could do the same thing, and if this was done by her contract with Strong, no objection, on this ground, now exists to the validity of the lease. This is precisely what her contract did. Both must now be read together to determine the rights of the parties. The former measures the terms, and the latter describes accurately the premises. The latter not only recognizes the legality of the lease, but it was a complete adoption of the same, and thus secured to Strong, in the portion conveyed to him, all rights in terms conferred by the former, among which was the duration of the term.

The appellant, under the facts disclosed by the answer, was not the owner in fee, but had an estate for years, and the point is made that proof of such an estate will not support the averment that he was the owner in fee, and, therefore, the answer was sufficient.

The statute provides that "The plaintiff in his complaint shall state that he is entitled to the possession of the premises, particularly describing them, the interest he claims therein," etc. Code of 1852, 2 R. S. 1876, p. 251.

It has been held that an averment that the plaintiff is owner in fee is not supported by proof of an equitable title. *Rowe* v. *Beckett*, 30 Ind. 154; *Groves* v. *Marks*, 32 Ind. 319.

It has also been held that when the complaint alleges generally that the plaintiff is the owner, and entitled to the possession, etc., the complaint is sufficient. *Steeple* v. *Downing*, 60 Ind. 478; *Burt* v. *Bowles*, 69 Ind. 1.

In this case, the appellant's title is a legal title, but not such as is described in the complaint; and if the appellant must prove the averment precisely as made, the answer is good, because it shows that he has no such title, although it shows that he has an estate for years, which entitles him to the possession. This precise question has not been decided by this court. In the case of *McMannus* v. *Smith*, 53 Ind. 211, this court said: "In pleading a fee simple, it is only necessary to simply state it, because it includes the entire interest in the land; but in pleading an estate in lands less than a fee simple, it must be particularly described, or it would not appear what part of the fee simple it was, either in quantity of estate, time of its duration, or whether in severalty, coparcenary, or in common, or what one of the numerous parts into which the fee simple may be divided."

The statute requires the plaintiff to describe the interest he claims in the premises, and this requirement is useless unless the plaintiff must prove the averment as he makes it. If not, the statute can be evaded in every instance where less than a fee is claimed, by an averment that the plaintiff is the owner in fee. This would not only mislead the opposite party, but it would require the court to describe the interest recovered in its judgment. Under the rule prescribed by the statute, we do not think the plaintiff can, under an averment that he owns the fee, recover an estate for years. As the answer shows that the plaintiff was not the owner of such an estate as he claimed, it was sufficient; and, therefore, the court committed no error in overruling the demurrer.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.