Cunningham v. Baxley et al.

No. 11,300.

## CUNNINGHAM v. BAXLEY ET AL.

LEASE.— *Descents.— Decedents' Estates.—Life-Estate.— Chattel.*—A lease of lands for the life of the lessor is a chattel, and on the death of the lessee it goes, not to his heirs, but to his administrator, and the former can not maintain a suit for possession.

From the Harrison Circuit Court.

*M. W. Funk* and *W. D. Mauck*, for appellant.

*W. N. Tracewell* and *R. J. Tracewell*, for appellees.

BICKNELL, C. C.—The appellees, who are the widow and heirs at law of William Applegate, brought this suit against the appellant to recover the possession of land and damages for its unlawful detention.

The complaint alleged that Sarah Applegate had a life-estate in the land, and made a parol contract with said William Applegate that if he would build a house and barn and plant an orchard on the land, and give to said Sarah one-third of the corn and wheat raised on said land and a load of hay yearly from the meadow on said land, in consideration thereof he might occupy, use and have the possession of said land during said Sarah's lifetime; that said William built said house at an expense of $1,000, and a barn at an expense of $400, and planted an orchard of the yearly value of $100, and continued in possession of the premises, rendering to said Sarah yearly one-third of the wheat and corn raised thereon, and one load of hay, until he died, leaving the plaintiffs as his only heirs at law, who since his death have in all things performed said contract; that by reason of the facts aforesaid, said plaintiffs are the joint owners of said land for and during the life of said Sarah, and are entitled to the immediate possession thereof; that said Sarah is still living; that said defendant is without right in the unlawful possession of said land, and has unlawfully detained the same from the plaintiffs since June 20th, 1882. The complaint demands possession of the land and $50 damages.

A demurrer to the complaint for want of facts sufficient was overruled. The defendant answered by a general denial.

The issue was tried by the court, who found for the plaintiffs that they are the joint owners of the land during the lifetime of the said Sarah Applegate, who is still living, and are entitled to the possession thereof, and that the defendant unlawfully detains the possession from the plaintiffs to their damage $10.

The defendant moved for a new trial because the decision of the court was contrary to law and the evidence, and was not sustained by sufficient evidence. This motion was overruled. Judgment was rendered on the finding, and the defendant appealed. He assigns errors as follows:

1. The court erred in overruling the demurrer to the complaint.

2. The court erred in overruling the motion for a new trial.

No question is presented by the motion for a new trial, because there is no bill of exceptions showing what the evidence was. *Louisville, etc., R. W. Co.* v. *Henly*, 88 Ind. 535.

A life-estate for one's own life is an interest in land; at common law it was a freehold; an alienation of it in any form for the life of the tenant himself was always valid, and a mere grant or release by him passed, at common law, only what he might lawfully grant. Co. Litt. 251, b. Therefore, if Sarah Applegate had by deed conveyed to William Applegate all her right, title and interest, he would have become the owner of the land during her life, and his interest, in that case, being a valid subsisting interest in real property, would, under our statutes, have descended to his heirs upon his death during the lifetime of Sarah, and they could have maintained ejectment thereon. R. S. 1881, sections 1050, 2467. But here William Applegate had not a deed; he had not even a contract for a deed. The complaint does not aver a purchase of Sarah Applegate's interest; it shows that William Applegate was only a sub-tenant under a parol lease; it shows that Sarah Applegate, owning the life-estate, agreed that William

Applegate " might occupy " the land until her death, in consideration of his building a house and barn and planting an orchard and paying her a fixed yearly rent; it shows that he took possession, and during his life performed the conditions and paid the rent, and died during the lifetime of Sarah Applegate. He had a lease of the land which was not to terminate until her death, provided the rent should be duly paid. Such a lease is not real estate; it is a chattel interest; it does not descend to heirs, but goes to the executor or administrator, and he is the party to maintain a suit for possession against one who has wrongfully taken possession of the leased premises. *Smith* v. *Dodds*, 35 Ind. 452. There was no cause of action in favor of plaintiffs.

The court therefore erred in overruling the demurrer to the complaint, and for this error the judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things reversed, at the costs of the appellee, and this cause is remanded with instructions to sustain the demurrer to the complaint.

Filed June 25, 1884.