Campbell *et ux. v.* Hunt.

No. 12,080.

## CAMPBELL ET UX. *v.* HUNT.

NEW TRIAL AS OF RIGHT.—*Action to Recover Real Estate.—Leasehold Interest.*—A leasehold for a term of years is such a "valid subsisting interest in real property" under section 1050, R. S. 1881, as entitles the lessee, in an action to recover possession, to a new trial as of right under section 1064, R. S. 1881.

EVIDENCE.—*Partnership.—Lease of Land for Particular Business.—Rents.— Action to Recover Real Estate.*—Where, upon the formation of a partnership to conduct the business of grape culture, one partner, in furtherance of the business, takes a lease for a term of fifty years to a part of the land to be used in such business and owned by the other, and then, upon a dissolution, by agreement a portion of the vineyard is set apart to the lessee in severalty, without any limitation as to its use, the latter may, in an action by him subsequently brought to recover its possession, prove its rental value for general purposes, and evidence offered by the defendant as to its rental value for grape culture only, is not admissible.

PRACTICE.—*When Error in Excluding Evidence Cured by Withdrawing Objection to Admission.*—Where evidence is excluded on objection, but immediately thereafter the objection is withdrawn to the only part of it which is material, the error, if any, is cured, although the party offering the evidence declines to avail himself of the concession.

FORMER ADJUDICATION.—*Judgment on Demurrer.*—Where a case is disposed of on judgment upon demurrer to an answer, and not upon its merits, it does not constitute a former adjudication. It is only where the matter in issue has been either actually or presumptively determined, that the judgment is a bar to another action.

REAL ESTATE, ACTION TO RECOVER.—*Action upon Claim in Fee Simple not Bar to Action under Lease.*—The commencement of an action upon a claim of title in fee simple does not estop the plaintiff from subsequently bringing an action for the same land on a claim under a lease.

From the Lake Circuit Court.

*E. D. Crumpacker, A. D. Bartholomew* and *H. A. Gillett,* for appellants.

*W. Johnston,* for appellee.

NIBLACK, J.—Charles G. Finney, being the owner of a tract of land in Porter county, in this State, on the 24th day of April, 1866, entered into partnership with one Nathaniel

R. Strong in planting a vineyard and in the culture and sale of grapes, and to that end executed, in conjunction with Strong, an agreement in writing, by which he, amongst other things, leased and demised to him, the said Strong, part of such tract of land to be planted with grapes, for the term of fifty years. A few years afterwards Finney died testate, having devised the tract of land in question to his widow, Elizabeth Finney. Thereafter, on the 27th day of March, 1874, the said widow and Strong, acting seemingly upon the theory that the partnership for the culture and sale of grapes had been dissolved, mutually executed an agreement making partition of the leasehold estate in the vineyard between them. Under this agreement, about ten acres of ground was set off to Strong separately, without any limitation or restriction as to the use which might or should be made of it. On the 25th day of November, 1875, Strong sold, and by quitclaim deed conveyed, this piece of ground to Franklin W. Hunt. Elizabeth Finney, the widow, having in the meantime intermarried with one Samuel A. Campbell, took, through him, possession of the land so sold and conveyed to Hunt, in the year 1880, and has since continued in possession. Hunt, claiming to be the owner in fee simple of the land thus set off to Strong and so conveyed to him, commenced an action against Mrs. Campbell and her husband, in the Porter Circuit Court, to recover the possession of it.

Mrs. Campbell and her said husband answered, setting up the facts herein above recited *in extenso*, and inferentially averring that Hunt had surrendered his interest in the lease under which he held the land.

Hunt demurred to the answer, but his demurrer was overruled and, declining to plead further, final judgment was entered against him upon demurrer. Upon an appeal to this court, that judgment was affirmed. See *Hunt* v. *Campbell*, 83 Ind. 48. Hunt thereupon commenced this action in the Porter Circuit Court, against Mrs. Campbell and her said husband, to recover the possession of the same land, averring

that he was the " owner and entitled to the possession for a term of years, to wit, fifty years from the 24th day of April, 1866," of the land in controversy. A trial resulted in a verdict and judgment for the defendants.

After this judgment was entered, the plaintiff moved for a new trial as a matter of right, under section 1064, R. S. 1881, tendering at the same time a satisfactory bond for the payment of all costs and damages, as required by that section of the statute, and over the objection and exception of the defendants, the judgment was set aside and a new trial granted. The venue was then changed to the Lake Circuit Court, where there was a trial by the court, a finding for the plaintiff, a denial of a new trial, and a judgment against the defendants upon the findings, from which this appeal is prosecuted.

Error is first assigned upon the decision of the Porter Circuit Court granting the plaintiff a new trial as a matter of right.

Section 1050, R. S. 1881, enacts that "Any person having a valid subsisting interest in real property and a right to the possession thereof may recover the same by action to be brought against the tenant in possession; if there is no such tenant, then against the person claiming the title or some interest therein."

Section 1064, herein above referred to, having reference to judgments rendered in actions prosecuted under the foregoing section, provides that " The court rendering the judgment, on application made within one year thereafter by the party against whom judgment is rendered, his heirs, assigns, or representatives, and on the applicant giving an undertaking, with surety to be approved by the court or clerk, that he will pay all costs and damages which shall be recovered against him in the action, shall vacate the judgment and grant a new trial."

The point made against the order of the Porter Circuit Court, vacating the judgment and granting a new trial, is, that the term of years, counted upon by the complaint, did not

constitute "a valid subsisting interest in real property" within the meaning of section 1050, set out as above, and that hence the action was one in which the plaintiff was not entitled as a matter of right to demand a new trial. This claim is based upon the theory that a leasehold interest in land is personal property, and descends to the administrator, and not to the heir, citing *Smith* v. *Dodds*, 35 Ind. 452, and *Cunningham* v. *Baxley*, 96 Ind. 367, and that, in consequence, the action was for the recovery of personal, and not real, property.

It is true that a lessee's interest in land descends to his administrator, and not to his heirs, but it is, for that reason, none the less a valid and subsisting interest in real property. The fact that the administrator must prosecute an action for the recovery of the lessee's interest, after his death, instead of his heirs, does not change the essential character of the proceeding. It is nevertheless an action, in the nature of an action of ejectment, to recover an actual interest in real property.

An action of ejectment, when resorted to, is prosecuted upon the theory that a lessee has been disturbed in the possession of the lands in controversy, and the inevitable inference from existing statutes and decided cases is, that an action like this may be prosecuted under section 1050, *supra*, upon the same theory. The right to possession conferred by a lease is as effectual to support an action under that section as if conferred by title in fee simple. It follows that the Porter Circuit Court did not err in vacating the judgment and granting a new trial. *Butler University* v. *Conard*, 94 Ind. 353.

Error is next assigned upon the refusal of the Lake Circuit Court to grant a new trial for certain specifically assigned causes.

With a view of establishing the amount of damages which the plaintiff had sustained by being kept out of possession, several witnesses were examined as to the rental value of the land in dispute for general purposes. The defendants objected unavailingly to the introduction of this evidence, upon the

ground that by the terms of the lease the use of the land was restricted to the culture of grapes alone. The defendants then offered to prove that during the time they had been in possession the rental value of the land for the cultivation of grapes did not exceed ten cents an acre, a sum much below that named by other witnesses for general purposes, but the court refused to permit the proposed proof to be made.

It was clearly the intention of the parties to the lease, that the ground covered by it should be used only in the cultivation of grapes, and it is equally clear that the lease was executed as a means of promoting the business of a partnership which the parties had in view at the time of its execution. A dissolution of that partnership was consequently a practical abandonment of the object for which the lease was executed. When, therefore, the widow and devisee of Finney, the lessor, and Strong entered into a new agreement making partition of the vineyard and setting apart to the latter a portion of it in severalty, without any limitation or restriction as to its use, or the purposes to which it might be applied, Strong stood discharged from any obligation to cultivate the part so set off to him in grapes, as contemplated by the lease. For further particulars as to the lease, as well as the agreement for partition, see the opinion in the case of *Hunt* v. *Campbell*, 83 Ind. 48, already referred to.

The defendants also offered to prove by Samuel A. Campbell that, for a year or two before they took possession, the plaintiff was accustomed to assert and give out that he was the owner in fee simple of the land in suit, and that Mrs. Campbell had no right to the same; that Campbell finally told the plaintiff that he and Mrs. Campbell were going to take possession of the land at any rate; that the plaintiff replied that they might do so, and that he would then test the question of his right to a fee simple estate in the land. But, upon the objection of the plaintiff, the evidence thus proposed was excluded. The plaintiff, however, immediately thereafter withdrew his objection to so much of the proposed

evidence as had relation to the defendants taking possession of the land, but the defendants declined to avail themselves of this partial concession, and offered no further evidence as to any part of the alleged conversation. That part of the evidence offered to which the objection was withdrawn was all that could, in any event, have been material to the defendants, as the case then stood before the court. Hence, conceding that what was proposed was as a whole erroneously excluded, the error was cured by the withdrawal of the objection to so much as had reference to the circumstances under which the defendants went into possession. There is, therefore, no question before us as to the materiality of this excluded evidence.

The defendants then offered in evidence a transcript of the proceedings and judgment, together with the opinion of this court, in the first action between the same parties, begun and determined in the Porter Circuit Court as herein above stated, and it was also excluded. It is argued that this transcript was competent evidence: *First.* As tending to prove that the plaintiff had surrendered all claim to the land under the lease. *Secondly.* To establish a former adjudication of the question of title to the same land as between the same parties.

We see no error in the exclusion of the transcript in question. The plaintiff having failed in, and practically abandoned, his action because his demurrer to the answer to his complaint was overruled, he was left in substantially the same position he occupied before the action was commenced. The case was not disposed of upon its merits, but upon a question of pleading preliminary to a hearing upon the merits. The judgment upon demurrer, therefore, involved no question of the surrender of any claim of title under the lease, or of former adjudication. It is only where the matter in issue has been either actually or presumptively determined, that the judgment is a bar to another action. *Winship* v. *Winship,* 43 Ind. 291; *McSweeney* v. *Carney,* 72 Ind. 430; *Reed* v. *Higgins,* 86 Ind. 143.

Nor was the commencement of the first action upon a claim of title in fee simple an election which estopped the plaintiff from setting up a claim under the lease. That was not, as the present case is not, an action on the lease. It was an action simply for the recovery of land upon a claim of ownership, in which it may have been expected that the lease would be used as evidence. It has been frequently held that the deed, under which a party claims title, is not the foundation of an action to recover the land conveyed by it. Such a deed affords evidence of title when the title is put in issue, but nothing more. *Sedgwick* v. *Tucker*, 90 Ind. 271. The same rule applies to a lease where the action is to recover possession for a term of years, and the lease is merely to be used in evidence, as in the case at bar.

It is argued, finally, that the evidence did not show the defendants to be *unlawfully* in possession of the land, and that hence the finding was not sustained by sufficient evidence. The evidence made a good *prima facie* case in favor of the plaintiff's right of possession, and nothing was shown in defence to the contrary. The inference, therefore, necessarily was that the defendants were *unlawfully* in possession.

We have thus disposed of all the complaints made of the proceedings at the last trial, and find no error in the refusal of the Lake Circuit Court to grant a new trial.

The judgment is affirmed, with costs.

Filed Oct. 6, 1885.

## ON PETITION FOR A REHEARING.

NIBLACK, C. J.—The appellants complain that in the opinion heretofore filed in this case, we erred in holding that by the agreement of partition entered into between Mrs. Campbell and Strong, the latter was discharged from any obligation to cultivate the land set off to him in grapes. But the argument employed in support of that complaint would, if permitted to prevail, lead to the conclusion that the land set off to Mrs. Campbell under the same agreement could only in like man-

ner be cultivated in grapes during the period covered by the original lease, and, as we are not prepared to place such a construction upon the agreement in question, we feel constrained to adhere to the construction of that agreement heretofore given by us.

The appellants next complain that we were wrong in holding that the circuit court did not err in refusing to confine the inquiry as to the rental value of the land in controversy to its value for cultivation in grapes. Accepting our construction of the agreement of partition as correct, as we continue to do, there was necessarily no error in that ruling of the circuit court.

It is further complained that our holding, in effect that the circuit court did not err in excluding certain proof proposed to be made by the appellant Samuel A. Campbell, is not well supported by the facts, as they are made to fully appear by the bill of exceptions in the record.

This case is in many of its features *sui generis.* In the first place, the original agreement entered into between Finney and Strong was a very unusual agreement, hard to classify or to construe, and, as the sequel has proven, an unfortunate one for Finney's estate. In the next place, the agreement for partition made between Mrs. Campbell and Strong was seemingly a very generous and unrestrictive arrangement on the part of the former. No rent, or other equivalent, was reserved for the use of the land set apart to Strong. He was only required to pay the accruing taxes upon the land so long as he occupied it. The land was apparently and presumably set off to Strong for a consideration which had already moved either to Mrs. Campbell or to Finney, her then late husband. Construing, therefore, the original agreement, and the agreement making partition, together, the reasonable inference seems to be inevitable that Strong became, through those agreements, vested with a greater and more indefeasible interest in the land assigned to him than is ordinarily acquired under a lease containing mutual and dependent stipulations

and covenants.   We consequently regard the authorities cited by counsel in support of their position as inapplicable to the peculiar facts of this case, and, for a similar reason, are of the opinion that the matters proposed to be proved by Campbell were not material to any question then before the circuit court.

The petition for a rehearing is overruled.

Filed Dec. 16, 1885.