Fordice v. Beeman.

Filed May 29, 1894.

————◆————

No. 1,045.

## FORDICE v. BEEMAN.

PLEADING.—*Motion to Strike Out.—Bill of Exceptions.—Practice.*—Motions to strike out pleadings or parts of pleadings must, in order to present any question on appeal as to rulings thereon, be brought into the record by bill of exceptions.

CONTRACT. — *Conversion.* — *Foreclosure.* — *Parties.—Res Judicata.*—A complaint by B. against F. alleged that B., being indebted to F., delivered to the latter one hundred and sixty thousand staves under an agreement that F. should sell the same at not less than the market price and credit the proceeds on B.'s notes held by F., but that the agreement should not affect F.'s right to proceed for the collection of the notes; that after the delivery of the staves G. & M., pretending to have a claim against B., unlawfully seized and converted the staves; that B., in F.'s name, prosecuted an action for the conversion, pending which action F. sued B. upon the notes; that to the action on the notes B. filed a set-off for the staves; that to this answer F. replied, setting up the pendency of the action against G. & M.; that a demurrer to this reply was overruled by

Fordice *v.* Beeman.

the court on the ground that B.'s right to recover in that action had not matured as against F.; that after said ruling B., in said action, asserted no claim and made no defense, and that judgment was rendered against him for the full amount of the notes and for foreclosure of the mortgage securing them; that afterwards F. compromised the suit against G. & M. for $1,300 when the market value of the staves was $4,000, with interest from the time of the conversion, and appropriated said money to his own use and refused to account to B.

*Held*, that G. & M. were not necessary parties to the action; that there was no former adjudication, and that the complaint is good on demurrer.

SAME.—*Damages to Land.*—*Counterclaim.*—*Pleading.*—In such case answers showing that the defendant was compelled to buy the mortgaged land at the foreclosure sale, and asserting in one paragraph damage to the land by the plaintiff, and in another paragraph seeking to recover, by way of counterclaim, the value of timber cut and removed from the land before the foreclosure, are bad on demurrer.

INSTRUCTIONS TO JURY.—*Filing.*—*Bill of Exceptions.*—*Practice.*—No question relating to instructions can be considered where they are not made a part of the record by bill of exceptions, or where it does not appear that they were ever filed.

COMPROMISE.—*Evidence.*—*Attorney and Client.*—The mere fact that an attorney, after a judgment against his client in the trial court, offers to settle with the adverse party for a certain sum, is not competent as tending to prove that, after a reversal of the judgment on appeal, such party had authorized a compromise for another sum.

From the Daviess Circuit Court.

*T. M. Clark, C. S. Dobbins, H. Q. Houghton, J. B. Marshall, J. W. Ogden* and *W. H. Marshall,* for appellant.

*W. R. Gardiner, C. G. Gardiner, E. Inman* and *H. McCormick,* for appellee.

DAVIS, C. J.—The errors assigned are:

1. The court erred in overruling appellant's motion to strike out portions of appellee's amended complaint as set out in the record.

2. The court erred in overruling appellant's demurrer to the first and second paragraphs of appellee's amended complaint.

3. The court erred in overruling appellant's motion for a new trial.

4. The court erred in sustaining appellee's motion to strike out the fourth and fifth paragraphs of appellant's answer to appellee's complaint.

5. The court erred in sustaining appellee's demurrer to the sixth and seventh paragraphs of appellant's answer to the amended complaint.

6. The court erred in overruling appellant's motion to strike out the second paragraph of appellee's reply to the third paragraph of appellant's answer.

None of the motions referred to in the first, fourth, and sixth errors are made parts of the record by any bill of exceptions, and, therefore, no question is presented for our consideration by either of these assignments.

The material allegations in the complaint, so far as necessary for the consideration of the questions presented, are that in December, 1885, appellee was indebted to appellant; that he delivered to appellant (nearly) one hundred and sixty thousand staves under an agreement that appellant should sell the same for not less than the market price, and credit the proceeds on the notes executed by appellee, but that the agreement should not affect the right of appellant to proceed to collect the notes; that after such delivery "Gibson and McDonald, pretending to have some claim against him (appellee) and against said staves, without any notice to said Beeman or said Fordice, unlawfully seized upon said staves," and converted them to their own use; that appellee then, in the name of appellant, instituted and prosecuted an action for the unlawful conversion of said staves; that pending said litigation appellant instituted a suit against appellee on said notes; that appellee filed a set-off against said action for said staves, and that appellant filed a reply to said set-off, in which he set up the pendency of the suit

against Gibson and McDonald, to which a demurrer was overruled, "the court holding, in said cause, that the defendant's (appellee's) right to recover in that action for said staves had not matured," as against appellant, and therefore no defense or claim was made in said suit on the notes for said staves, and that judgment was rendered in favor of appellant "for the full amount of the principal, interest, and attorney's fees due on said notes"; that afterwards appellant compromised said suit against Gibson and McDonald for thirteen hundred dollars, "when, in fact, as he well knew, he should have received four thousand dollars, which was the fair market value of said staves, together with the interest thereon from the time of conversion," and appropriated said money to his own use, and has failed and refused to account to said appellee for said staves.

It is first insisted that Gibson and McDonald were necessary parties to the action. There is nothing in this contention. Appellant had settled the matters in difference with them, after the Supreme Court had rendered a decision in his favor. *Fordice* v. *Gibson*, 129 Ind. 7.

If appellee elected to proceed against him for what he had received, or ought to have received, on the staves, appellant is in no position to complain, because Gibson and McDonald were not made parties.

The principal objection urged to the complaint, however, is that it shows a former adjudication. It should be remembered, however, that in the transfer of the staves to appellant, it was expressly agreed that credit for the staves was to be given to the appellee only when appellant should realize the money on them, and that in the meantime the appellant was not thereby to be deterred in the prosecution of an action on the notes, and that at the time he brought that suit and obtained his judgment thereon, the action against Gibson and Mc-

Donald was still pending, and that appellant had not realized anything for the staves. There was no former adjudication. *Campbell* v. *Hunt,* 104 Ind. 210.

So far as any objection has been pointed out, there was no error in overruling the demurrer to the complaint.

There was no error in sustaining the demurrer to the sixth and seventh paragraphs of the answer.

After the recovery of his judgment and decree of foreclosure in his action against appellee, to which we have referred, appellant bid in the land at sheriff's sale. All that counsel for appellant say in support of the sixth paragraph of answer is that it "showed how appellee had damaged the land that appellant was compelled to buy in on his judgment." This is the only argument on the subject.

In the seventh paragraph appellant attempted, by way of counterclaim, to recover for the value of timber cut and removed from the land before the foreclosure of the mortgage.

In the light of the argument that has been made on the question, we are not able to see on what theory either paragraph could be held to constitute a sufficient answer to the complaint.

The only remaining error assigned is the third.

The instructions are not made a part of the record by a bill of exceptions. Neither does it appear that the instructions were ever filed. Section 542, sixth subd. R. S. 1894; *Louisville, etc., R. W. Co.* v. *Wright,* 115 Ind. 378 (393).

Appellant offered to prove that an attorney for appellee, about a year after the Gibson and McDonald case was tried, and before an appeal was taken to the Supreme Court, offered to drop the case for $600. This offer was made as tending to prove that appellee afterwards consented to compromise for $1,300. In our opinion,

there was no error in this ruling.    The mere fact that an attorney, after an adverse judgment had been rendered in the circuit court, expressed a willingness to settle with Gibson and McDonald for $600 did not tend to prove that appellee, after the decision of the trial court had been reversed in the Supreme Court, had authorized a compromise by appellant for $1,300.

We can not disturb the verdict on the evidence.

On the question as to whether appellee was indebted to Gibson and McDonald, when they converted the staves to their own use, the evidence is conflicting.    It is clear that appellee had transferred the staves to appellant, and, under the evidence, in the light of the decision of the Supreme Court, Gibson and McDonald had no right to take the staves without the knowledge or consent of either appellee or appellant.    It further appears that the action against them was prosecuted by and in the interest of appellee, at his expense, in the name of appellant. The debt of appellee to appellant was secured by mortgage on real estate, and he was interested in appellant securing all that could be obtained from Gibson and McDonald, so that he could obtain credit therefor on said debt.

There was evidence tending to prove that appellant had no right, as we view the case, to release or compromise that claim without the knowledge or consent of appellee.    There was evidence tending to prove, also, that appellant, without the knowledge or consent of appellee, did settle and compromise with Gibson and McDonald, after the favorable decision in the Supreme Court, for less than one-half the amount in controversy.

We do not find any reversible error in the record.

Judgment affirmed.

Filed March 28, 1894; petition for rehearing overruled June 21, 1894.