## THOMPSON *v.* KREISHER.

[No. 18,007.   Filed October 27, 1897.]

QUIETING TITLE.—*Disclaimer of Title.—New Trial as of Right.—Statute Construed.*—Where, in an action for possession, and to quiet title to real estate and for damages for the wrongful detention thereof, under section 1062 *et seq.*, Burns' R. S. 1894, the defendant files a disclaimer of any estate or interest in the land, it was error to grant to plaintiff a new trial as of right under section 1076, Burns' R. S. 1894, as it was not the intention of said section to extend such right where the issue and judgment involved but the naked question of possession, with or without damages, and where title was not in question.

From the Clinton Circuit Court. *Reversed.*

*Martin A. Morrison,* for appellant.

*R. W. Irwin,* for appellee.

HACKNEY, J.—This was an action by the appellant against the appellee in two paragraphs of complaint. The first, in the usual form, to quiet the title to real estate, and the second, in the usual form, for possession, and damages for the wrongful detention of said real estate. The appellee answered the first paragraph of complaint by disclaiming any interest or estate in said property; and he answered the second paragraph by disclaiming "any estate or interest in the real estate," and by denying that he then, or within six years thertofore, held possession of said real estate or any part thereof.

A trial resulted in a finding and judgment that the appellant was the owner of the lands; that his title thereto should be quieted; that he was entitled to the possession thereof and should recover one dollar as damages for the detention by the appellee from him.

The court thereupon granted the appellee a new trial as of right, and the second trial of the cause resulted in a judgment, that the appellant should recover upon his first paragraph of complaint quieting his title, and that he should take nothing upon his second paragraph of complaint.

The action of the court in granting said new trial as of right to the appellee, and in overruling the appellant's motion for a new trial, for cause, following the second trial, presents the questions for consideration by this court.

Counsel for the appellant inists that, under the issues, the question of title was confessed, and that a new trial as of right was not allowable under the statute, section 1076, Burns' R. S. 1894 (1064, R. S. 1881), as to the question of possession and damages. Appellee's counsel insists that a new trial as of right in actions for possession is given by the letter of the statute, *supra*, as construed by this court in *Campbell* v. *Hunt*, 104 Ind. 210; *Butler University* v. *Conard*, 94 Ind. 353, and, it is further urged, that if such new trial is not given where the element of title has been conceded to the plaintiff by the defendant's disclaimer, the new trial granted in this case was harmless, since the judgment upon the second trial, as to title, was for the appellant, and not different from the first judgment.

It certainly cannot be that the appellant would not be harmed by a new trial resulting in a judgment against him upon a branch of the case in which a new trial was not allowable, and in which he had recovered upon the first trial. If a new trial as of right, where the question is one only of possession, is not allowable, it would be manifestly unjust and harmful to grant such new trial.

Our inquiry, therefore, must be directed to the ques-

tion as to whether such new trial is given where the element of title is not involved.

It is well understood that we have two actions involving the right to the possession of real estate, one where title is not an essential element, as where the relation of landlord and tenant exists, and the other is that given by section 1062, *et seq.*, Burns' R. S. 1894, for ejectment. The present action must rest upon this statute, and the rights of the parties must be considered with reference to it. Section 1062, *supra*, provides that, "Any person having a valid subsisting interest in real property and a right to the possession thereof may recover the same by action to be brought against the tenant in possession; if there is no such tenant, then against the person claiming the title or some interest therein." Sections 1063, 1064 and 1065, clearly indicate that the word "tenant" thus employed has reference, not to the tenant of the plaintiff, but to the tenant of the one claiming an adverse title or interest to that claimed by the plaintiff. Section 1066, relating to the allegations of the complaint, continues the intention of adverse or hostile claims of interest or title. Section 1068 provides that where a defense is made, proof of possession is unnecessary; thus, leaving open for determination the issue as to the right to such possession, which could only involve the inquiry as to the alleged "valid subsisting interest in" the land. That this right to possession involves more than a simple right of occupancy, and that it includes an interest in the land in the nature of title, is shown by the provision of section 1069, Burns' R. S. 1894, that "The plaintiff must recover on the strength of his own title."

Another action provided in connection with that mentioned, is to quiet the title where no question of possession is requisite. Section 1082, Burns' R. S. 1894.

As a part of the system of procedure adopted with reference to the two actions so provided, it has been further provided, that a new trial of right may be awarded, section 1076, Burns' R. S. 1894, and under this provision it has been held frequently that in either of the actions mentioned such new trial may be had. *Shuman* v. *Gavin*, 15 Ind. 93; *Earle* v. *Peterson*, 67 Ind. 503; *Physio-Medical College* v. *Wilkinson*, 89 Ind. 23; *Hammann* v. *Mink*, 99 Ind. 279; *Anderson* v. *Anderson*, 128 Ind. 254; *McAllister* v. *Henderson*, 134 Ind. 453; *Campbell* v. *Hunt, supra; Butler University* v. *Conard, supra.*

We think it is manifest that the provision as to new trials was intended to enable those whose titles may be in issue and adjudged upon to obtain a second hearing, and that it was not intended to extend this right where the issue and judgment involved but the naked question of possession, with or without damages, and where title was not in question.

The disclaimer to the first paragraph of complaint had the effect to confess the cause of action pleaded in said paragraph, and so far as the element of title was tendered as an issue by the second paragraph of complaint, the answer in disclaimer filed thereto had likewise the force of a confession as to that issue. *McCarnan* v. *Cochran*, 57 Ind. 166; *McAdams* v. *Lotton*, 118 Ind. 1.

In the latter case, an action in ejectment, the defendant filed a disclaimer, and it was said, "that a disclaimer is a confession of the cause of action, and operates to preclude the plaintiff from prosecuting his case beyond a judgment awarding him possession and damages."

A disclaimer would certainly be not less effective in this respect than a default, and it has been held

Thompson *v.* Kreisher.

that in ejectment a default admits the cause of action, and precludes a new trial as of right. *Fisk* v. *Baker*, 47 Ind. 534.

There can be no new trial as of right, therefore, of any issue confessed, and the issue here confessed takes out of the case all inquiry as to title or interest in the land. The issue so confessed is an essential issue in the class of cases wherein a new trial as of right is given.

The confession reduced the issue to a mere inquiry as to whether the appellee was in possession, holding against the appellant, to his damage. This theory is probably as favorable as the appellee could ask, since his denial of possession might, with much force, be urged as a concession that even in respect to possession no rights were claimed adverse to those of the appellant.

The cases of *Campbell* v. *Hunt, supra*, and *Butler University* v. *Conard, supra*, do not hold that a new trial as of right is permitted where adverse claims of title are not in issue. Where it is said in those, or other cases, that such new trial is permitted in actions for possession, it must be implied that such actions are those contemplated by the statute to which we have referred, and not that it is allowable in actions for possession, regardless of the issue as to "a valid subsisting interest."

It follows, from what we have said, that the trial court erred in granting to the appellee a new trial as of right. The judgment is reversed, with instructions to the trial court to overrule the appellee's motion for a new trial as of right.