WRIGHT, ADMINISTRATOR, v. MILLER.

PRACTICE. — Evidence. — Witness. — New Trial. — Assignment of Error.— Supreme Court.—Error in the admission of evidence, or in permitting one to testify as a witness, is proper ground for a motion for a new trial, but can not be independently assigned as error, in the Supreme Court on appeal.

SAME.—Consent to a New Trial, by opposite party.—The consent of a party, that a new trial, moved for by the opposite party, may be granted,

does not necessarily render erroneous the action of the court in overruling such motion.

SAME.—*Record.*—A mere allegation of such consent, in the motion for a new trial, is not sufficient evidence to the Supreme Court, on appeal, that such party had actually consented that a new trial might be granted.

DECEDENTS' ESTATES.—*Claim.—Contract.—Infant.—Limitations.*—A claim was filed against the estate of a decedent, for ten years' continuous services, completed two years previous to the filing of the claim, rendered for the decedent, by the claimant, under a promise of compensation fixing no specified amount, the first half of which term of service was during the infancy of the claimant.

*Held*, that the claim was not barred by the statute of limitations.

From the Montgomery Circuit Court.

*J. McCabe* and *J. Wright*, for appellant.

*J. R. Courtney*, for appellee.

PERKINS, J.—Josephine Miller, on the 25th of August, 1874, filed a claim in the Montgomery Circuit Court, against the estate of Cornelius Britton, deceased, of which James Wright was administrator, for five hundred and fifty-four successive weeks' work, from October, 1862, at two dollars and a half per week.

The claim was verified.

A motion to reject the claim was overruled, and exceptions entered.

Answer, the general denial; the statute of limitations; that said Josephine worked for her board, etc., and that she lived with said Britton, deceased, as a member of his family, without any contract for pay, etc.

Reply in denial; trial by jury; verdict for plaintiff, in the sum of three hundred and fifty dollars.

Motion for a new trial overruled, and judgment on the verdict. Exceptions reserved.

The motion for a new trial assigned the following reasons therefor:

"1. That the verdict of the jury is contrary to law;

"2. That the verdict of the jury is not sustained by sufficient evidence;

" 3. That the court had no jurisdiction over the persons of the parties to the action ;

" 4. That the court had no jurisdiction over the subject of the action ;

" 5. Because the verdict of the jury, or the damages assessed, are excessive ; and,

" 6. The plaintiff has consented to the granting of a new trial."

The assignment of errors is as follows :

" 1. The court erred in overruling defendant's motion to reject the claim of plaintiff ;

" 2. The court erred in admitting the evidence of Hannah Miller ; and,

" 3. The court erred in overruling the motion for a new trial."

We proceed to consider and decide upon the errors assigned.

1.   The court did not err in overruling the motion to reject the claim of the plaintiff.

2.   The action of the court in admitting the evidence of Hannah Miller, might have been assigned as a cause for a new trial, but can not be assigned as error, in this court. It was not made a ground of a motion for a new trial.

3.   The third error assigned is the overruling of the motion for a new trial.

Counsel for appellant, in his brief, says : "As to the 3d, 4th and 5th grounds for a new trial, we have no very strong reasons for pressing them as sufficient."

As to the 6th, the record shows no consent of the opposite party, except the allegation in the motion for a new trial, and the court may not have conceded the truth of that allegation. And such consent, had it been given, would not necessarily have made it error in the court to overrule the motion.

The only remaining question is : Was the verdict

sustained by the evidence? The evidence tended to prove that the appellee, Josephine, worked in the family of Cornelius Britton, deceased, at least five years after she arrived at the age of twenty-one years; that she was industrious, working in the house, and in the field as a farm hand, when required; that she commenced working under promise of compensation, without a fixed price, and continued after she became of age, without a new contract; that her services were worth from two dollars and a half to three dollars a week, or, in the aggregate, over six hundred dollars. She recovered for a little more, perhaps, than half of the time she worked after becoming of age. We can not say, that she was not entitled to recover compensation, nor that the amount recovered was excessive.

The claim was not barred by the statute of limitations. 2 R. S. 1876, p. 121.

The judgment is affirmed, with costs.