No. 9931.

COOTER ET AL. *v.* BASTON ET AL.

PARTITION.—*Quieting Title.*—*New Trial as of Right.*—Complaint for partition, averring that C. was in possession without title, and as to him praying that title be quieted against a cloud which, by his possession and otherwise, it was alleged he creates. Finding and decree of partition and against C.

*Held,* that C. was entitled to a new trial as of right, under the statute, sec. 1064, R. S. 1881.

BILL OF EXCEPTIONS.—*Misprision.*—*Supreme Court.*—A bill of exceptions appeared by the record to have been signed and filed in January, 1881, nearly a year before the proceedings were had.

*Held,* that the date was clearly a misprision, which the Supreme Court would disregard and deem amended.

From the Monroe Circuit Court.

*J. H. Louden* and *R. W. Miers,* for appellants.

*J. W. Buskirk* and *H. C. Duncan,* for appellees.

ELLIOTT, J.—The appellees' complaint alleges that they and the appellants, other than Marion Cooter, are the owners of certain described real estate, and sets forth the shares of each of the parties; avers that Marion Cooter has, without right, held possession thereof, "and, by reason of his possession and other means, has cast a cloud over plaintiffs' and defendants' title, and that they are entitled to their proportionate share of the same." The prayer is that partition may be made and the title quieted.

In setting out the shares alleged to be owned by the parties respectively, Cooter's name is not mentioned, and others are shown to be the owners, thus impliedly affirming that Cooter, although a party, has no interest in the land. In the decree it is recited, "that the court finds for the plaintiffs, and that they and the defendants, other than Cooter, are the owners in fee, and are entitled to possession; and it is adjudged that partition be made, and that said Marion Cooter has no interest in said real estate; that the title thereto should be quieted in the plaintiffs and defendants, other than Marion Cooter."

This decree was entered on the 10th day of December, 1881, and at the same term, on the 17th day of the same month, the appellant Cooter filed his motion, accompanied by the proper undertaking, for a new trial as a matter of right. The motion was denied and an exception reserved.

Ordinarily, proceedings in partition do not involve questions of title, but simply divide into shares land owned by tenants in common. It is, however, established by a long line of decisions that title may be put in issue, and when put in issue and adjudicated the judgment is conclusive. *Miller v. Noble*, 86 Ind. 527, and authorities cited. The complaint denies all title in the appellant Cooter, and as to him certainly puts the title in issue. This we say because it is alleged that the whole title is in parties other than Cooter, and that his possession without right casts a cloud on the title of those who are alleged to be the rightful owners. The prayer of the complaint shows that more than partition was sought, and in such a case as this reference may be properly made to the prayer, for the purpose of determining the character of the action. *Physio-Medical College* v. *Wilkinson, ante,* p. 23.

Not only was the title put in issue, but there was an express and full adjudication upon this issue. It is quite plain that the judgment decreeing that the title of the appellees be quieted, and that the appellant Cooter is not entitled to claim any interest in the land, is an adjudication settling the title to real estate. *Physio-Medical College* v. *Wilkinson, supra; Green* v. *Glynn,* 71 Ind. 336; *Ulrich* v. *Drischell,* 88 Ind. 354; *Adams* v. *Wilson,* 60 Ind. 560. We have no doubt that the case disclosed by the record is one entitling the appellant to a new trial as a matter of right.

It is said that we ought not to regard the bill of exceptions, because it appears to have been signed and filed in January, 1881, nearly a year before the proceedings were had. The record very clearly and fully shows that the error in the date is a mere clerical misprision, and as such errors may be

.amended below they are deemed amended here. There can be no doubt that the January intended was that of the year 1882, and not that of the preceding year.

Judgment reversed, with instructions to grant appellants' motion for a new trial as a matter of right.