No. 10,802.

## BUTLER UNIVERSIrY *v.* CONARD ET AL.

| 94 | 353 |
|---|---|
| 126 | 507 |
| 94 | 353 |
| 128 | 256 |
| 94 | 353 |
| 135 | 87 |
| 135 | 329 |
| 94 | 353 |
| 138 | 551 |
| 94 | 353 |
| 141 | 314 |
| 94 | 353 |
| 148 | 574 |
| 148 | 576 |
| 148 | 577 |
| 150 | 607 |
| 94 | 353 |
| 163 | 9 |

NEW TRIAL, OF RIGHT.—*Action for Possession or to Quiet Title.—Mortgage. —Tax Lien.*—A new trial, as of right, should be granted under section 1064, R. S. 1881, in actions for the possession of or to quiet title to real estate, but not in actions to foreclose a mortgage or a tax lien.

SAME.—*Misjoinder of Actions.*—An action to recover possession of land can not properly be joined with an action to foreclose a mortgage thereon, and if such actions be improperly joined, a new trial as of right ought not to be granted, even where the misjoinder has not been objected to, and, if granted, the order granting it should be vacated and such new trial refused.

From the Monroe Circuit Court.

*J. H. Louden* and *R. W. Miers,* for appellant.

*J. R. East* and *W. H. East,* for appellees.

HAMMOND, J.—Action by the appellant against the appellees in a complaint of two paragraphs. The first paragraph of the complaint was based upon a mortgage executed by the appellees Chambers and Chambers, and the appellee Conard was made a party defendant as the holder of an alleged invalid tax lien. The appellant averred in the second paragraph of its complaint that it was the owner and entitled to the possession of the real estate in controversy; that the appellees had possession thereof without right, and had committed waste thereon, and prayed for possession and damages. There was no appearance for Chambers and Chambers. Conard answered in three paragraphs. The first paragraph of his answer was a general denial; to the second a demurrer was sustained; and in the third he asserted a tax lien, which, as he claimed, had priority over the appellant's mortgage. He also filed a cross complaint against his co-appellees and the appellant, alleging that he was the owner of the land in question, and asking to have his title thereto quieted. The appellant demurred to the third paragraph of the answer and to

the cross complaint, which, being overruled, it replied to the former and answered the latter by general denial. A trial by the court resulted in the foreclosure of the appellant's mortgage and Conard's tax lien, giving the latter priority over the former. The appellant moved for a new trial as a matter of right, which was granted, but at the following term of court, the order granting it was, on Conard's motion, set aside. The appellant excepted to the overruling of its demurrers to the third paragraph of the answer and to the cross complaint, and to the ruling of the court in vacating the order granting a new trial as of right. These rulings are assigned for error.

The demurrer to the third paragraph of the answer is not in the record; no question, therefore, as to the ruling upon it is presented. *Porter* v. *Silvers*, 35 Ind. 295. The appellant concedes in its brief that the cross complaint was sufficient. This leaves for determination the single question as to the correctness of the ruling in setting aside the order granting the new trial.

Where a motion for a new trial as of right is improperly sustained, the order allowing it may be vacated. *Jenkins* v. *Corwin*, 55 Ind. 21. There might be circumstances, of course, which would estop a party from objecting to the new trial after it was granted—*Marsh* v. *Prosser*, 64 Ind. 293—but no such circumstances existed in the present case. This brings us to the question whether this was a case in which a new trial was allowable without cause.

Section 1064, R. S. 1881, authorizing new trials as a matter of right, has, by repeated decisions of this court, been limited in its application to actions for the possession of, or to quiet title to, real estate. The fact of the title to real estate being in controversy is not sufficient to authorize a new trial as a matter of right, unless it comes in dispute in one or the other of the actions above named. Thus it has been held that section 1064, *supra*, does not apply to actions to enforce liens, or to set aside fraudulent conveyances, in the interest of creditors. *Truitt* v. *Truitt*, 37 Ind. 514; *Shular* v. *Shular*, 56

Ind. 30. Nor to actions for the specific performance of contracts. *Benner* v. *Benner,* 10 Ind. 256 ; *Allen* v. *Davison,* 16 Ind. 416 ; *Walker* v. *Cox,* 25 Ind. 271. Nor to an action to recover damages for obstructing an easement. *Larrimore* v. *Williams,* 30 Ind. 18. Nor to an action for partition where there is no claim for possession or to quiet title. *Harness* v. *Harness,* 49 Ind. 384 ; *McFerran* v. *McFerran,* 69 Ind. 29. Nor to an action by a landlord against his tenant for holding over after the expiration of his lease. *Over* v. *Moss,* 41 Ind. 463. Nor to an action to foreclose a mortgage. *Jenkins* v. *Corwin, supra.*

The general policy of the law is averse to litigation. Except as to actions for possession, and to quiet title to real estate, one trial is deemed sufficient, unless some good cause is. shown why the losing party was denied a right, for the correction of which a new trial is necessary. Except when it is allowable as a matter of right, the court is not bound to grant a new trial simply because both parties desire it. *Aiken* v. *Bruen,* 21 Ind. 137 ; *Wright* v. *Miller,* 63 Ind. 220. The cases cited show a disinclination to extend the terms of the statute, allowing new trials as of right, to cases other than those clearly falling within its provisions. In the present case, the appellant joined in its complaint two causes of action. In one of these a new trial is allowable as of right; in the other it is not. An action can not be divided so as to give a new trial as to part, and deny it as to another part of it. *Morris* v. *State,* 1 Blackf. 37 ; *Richter* v. *Koster,* 45 Ind. 440. What, then, should be the rule in the present case, where two causes of action are joined, in one of which a new trial is, and in the other it is not, allowable as a matter of right?

Under the fifth clause of section 278, R. S. 1881, claims to recover possession of real property, to make partition of, and to determine and quiet the title to, real estate, may be joined in the same action. While, as we have seen, a new trial as of right is not permissible in an action for partition alone, there is much reason for holding, as was decided in *Cooter* v.

*Baston,* 89 Ind. 185, that it is allowable where this cause of action is joined with a claim for possession or to quiet title. If it were denied the plaintiff where judgment went against him in such case, it would be detrimental to the exercise of a plain right under the statute to join in one complaint these several causes of action. And if this right, in such case, were withheld from the defendant where judgment went against him, the plaintiff could, by availing himself of the provisions of section 278, *supra,* deprive the defendant of the benefit of the provisions of section 1064, *supra.*

But the reasons above suggested, applying to causes of action which may be properly joined, do not have the same, or, in fact, any force as to claims which the plaintiff improperly unites in the same complaint. The defendant has it in his power by demurrer to prevent the misjoined causes of action from being tried together. If the plaintiff, by his fault, incorrectly joins two or more claims in one action, and the defendant permits the misjoined causes to go to trial together, the unsuccessful party in the trial should not be heard to complain because a new trial, as of right, is refused. Either party had it in his power to have the cause of action, in which such new trial is proper, tried by itself, and thus to secure, in case of an adverse judgment, the benefit of a new trial without cause. We think, then, that the true rule is, that where a cause of action to quiet title to, or to recover possession of, real estate is improperly joined with a cause of action in which a new trial as of right is not allowable, the law as to new trials relating to the latter cause of action should govern, and that a new trial in such case, as a matter of right, ought not to be granted. A different rule would place it in the power of parties in all cases to extend the statute, allowing new trials without cause to actions in which it was not intended to apply.

A claim to foreclose a mortgage can not properly be joined with a claim to recover possession of real estate. Where there is such misjoinder of causes of action, one of them be-

ing a cause in which a new trial can be had only for suffi-
cient reason, the law applicable to it, as to new trials, gov-
erns the case, and a new trial as of right is correctly refused.

Our conclusion is, that the appellant's motion for a new
trial without cause was improperly sustained, and that there
was no error in vacating the order. granting it.

Affirmed, with costs.

Filed April 3, 1884.