Filed Jan. 3, 1884.

---

No. 11,795.

MILLER ET AL. *v.* THE EVANSVILLE NATIONAL BANK.

FRAUDULENT CONVEYANCE.—*Complaint to Set Aside Deed by Judgment Creditor.—Quieting Title.—Trial.—Causes in Equity.—Jury.*—A complaint by a judgment creditor to set aside conveyances of real estate as fraudulent, and subject some of the lands to execution upon the judgment, and quiet the plaintiff's title to some of them already purchased on execution, presents a cause in equity triable by the court under the statute, R. S. 1881, section 409.

SAME.—*New Trial as of Right.—Case Distinguished.*—Where the complaint

seeks to annul a deed as fraudulent, and to quiet the plaintiff's title as against it, and the defendant by counter-claim claims title to the same lands by virtue of that deed, and seeks to quiet his title, the defendant, if the finding be against him generally, is entitled to a new trial as of right under the statute, R. S. 1881, section 1064.    *Butler University* v. *Conard*, 94 Ind. 353, distinguished.

SUPREME COURT.— *Weight of Evidence.*—The Supreme Court will not, in any case, whether at law or in equity, reverse upon the weight of evidence.

From the Superior Court of Vanderburgh County.

.*C. Denby* and *D. B. Kumler*, for appellants.

*A. Iglehart, J. E. Iglehart, E. Taylor* and *V. Bisch*, for appellee.

FRANKLIN, C.—Appellee commenced this action to set aside as fraudulent several conveyances of real estate in Vanderburgh and Posey counties, including some city property in Evansville, and to subject parts of the same to the payment of certain judgments in favor of appellee, and prayed for a quieting of the title in it to portions of said real estate that had been purchased by appellee under said judgments at a sheriff's sale thereunder, and for the sale of the remainder of said real estate to pay the balance of said judgments.

Demurrers were overruled to the complaint, and the defendants filed answers of general denial and their several cross complaints, asking to have their respective titles quieted to the portions thereof claimed by each of them.

Upon the trial the court found in favor of the plaintiff as to parts of the real estate, and in favor of some of the defendants as to other parts, and over motions for a new trial judgment was rendered upon the finding.

A motion to submit the trial of a certain fact in issue to a a jury was overruled, and a motion for a new trial as of right under the statute was also overruled.

The errors assigned are the overruling of the demurrer to the complaint, the overruling of the motion to submit to a jury the trial and determination of the question of fact as to

whether Catharine Miller had paid a full consideration for the land conveyed to her, the overruling of the motion for a new trial, and the overruling of the motion for a new trial as of right under the statute.

The objection urged against the complaint is that it contains a misjoinder of causes of action, in this, that it seeks to set aside the deeds as fraudulent, and to quiet the title in the plaintiff.

So far as the ruling upon the demurrers to the complaint is concerned, it is wholly unnecessary to investigate and decide whether the complaint contains sufficient averments to make a good cause of action to quiet title or not. If it does, the 341st section of the R. S. 1881 expressly provides that "No judgment shall ever be reversed for any error committed in sustaining or overruling a demurrer for misjoinder of causes of action." Hence there could be no available error in overruling a demurrer to the complaint for that cause.

The specification of error that the court overruled appellants' motion to submit a certain question of fact to the trial and determination of a jury, is not well taken. This is a chancery suit, and under the recent statute was required to be tried by the court. While the court had the right to submit a question of fact to a jury to decide for the information of the court, still their verdict in such cases is not binding upon the court, and it is entirely within the discretion of the court as to whether it will seek such information by a jury. But this specification does not appear to be insisted upon by appellants in their brief, and may be considered as waived.

Appellants have insisted at considerable length, and with great ingenuity and ability, that the finding of the court is not sustained by sufficient evidence, and that a new trial should have been granted.

The evidence is very voluminous, and in some instances contradictory. We have examined it far enough to definitely ascertain that a portion of the evidence, with the surrounding circumstances, strongly tends to support the finding of the

court. But the appellants claim that the ordinary rule, where the evidence clearly tends to support the finding, this court will not weigh it and reverse the judgment upon a mere preponderance, ought not to apply to this class of cases; that this is an action in the nature of a chancery suit, and that this court should weigh the evidence and decide upon its merits; that this court is as capable of weighing the evidence as was the court below, and that the old chancery practice should be applied.

Under the old practice, in the appellate courts, actions at law were determined upon writs of error, and chancery suits by trial *de novo* upon the evidence, it all being in the shape of depositions, and final judgments were rendered therein without remanding the case to the lower court for a new trial. Upon the adoption of the code practice, writs of error and the distinctions in the forms between common law and chancery practice were abolished, and since that time all cases alike come to this court on appeal, in which the evidence, whether oral or in depositions, might be brought by bill of exceptions.

Under this code practice of appeals, when a judgment is reversed by this court, no final judgment upon the merits is rendered, but the cause is remanded to the lower court for further proceedings, and the rule first adopted upon the subject of weighing the evidence was, that if the verdict or finding upon the whole evidence was clearly wrong, the judgment was reversed for that reason. But practice demonstrated that this rule was of uncertain enforcement, and it is a well known fact that the judge who saw the witnesses, heard them testify, and observed their demeanor on the witness stand, was much better enabled to weigh the evidence and come to a correct conclusion than this court could possibly be by only seeing the record of the evidence, which is seldom full and frequently imperfect.

From these considerations, the rule is now well established that where the evidence fairly tends to support the verdict or finding, it will not be disturbed by this court, and this rule

applies to causes in the nature of chancery suits, the same as actions at law.

The fact that the statute requires a chancery suit to be tried by the court instead of a jury, does not change the rule in relation to the evidence. Parol evidence is admissible in an action in the nature of a chancery proceeding·as well as in an action in the nature of a common law proceeding. The same rules govern the court below in weighing the evidence applicable to both kinds of actions, and we see no reason why the rule should be different in this court. See the case of *Pence* v. *Garrison*, 93 Ind. 345.

The case under consideration is an appropriate illustration. Here a large part of the evidence was by parol, consisting, to a considerable extent, of the testimony of relatives and interested parties; they were before the judge trying the case, who had an opportunity of observing their entire demeanor while on·the witness stand, and to become conversant with some facts and circumstances surrounding the case that it would be impossible to accurately set forth in a bill of exceptions embracing the evidence. We think the recent rule of this court, as above stated, is as applicable to this case as it possibly could be to any action in the nature of a common law proceeding. There was no available error in overruling the motion for a new trial.

As to the specification that the court erred in overruling the motion for a new trial as of right, it matters not whether the complaint did or did not contain sufficient averments to constitute a good cause of action to quiet title in the plaintiff, appellants' cross complaint did contain sufficient averments to put that question in issue in the case, and the finding and judgment of the court against appellants and for appellee, notwithstanding there was no judgment rendered quieting title in appellee, was, upon that issue, a sufficient judgment rendered against appellants to authorize a new trial as of right under the statute. See the cases of *Adams* v. *Wilson*, 60 Ind. 560, *Physio-Medical College* v. *Wilkinson*, 89 Ind. 23, *But-*

*ler University* v. *Conard,* 94 Ind. 353, and *Cooter* v. *Baston,* 89 Ind. 185.

In the case under consideration appellee claimed title to certain lands by virtue of a sheriff's sale, and asked to have a deed to appellants for a portion of said lands set aside for fraud, and that its title thereto be quieted. Appellants, in their cross complaint, claim title to the same lands by virtue of a prior deed to appellees from the execution defendant, and asked to have their titles quieted thereto. The title to this land was certainly put in issue by the pleadings, and the judgment rendered would bar any further subsequent litigation over the conflicting claims of the parties thereto. The object of both parties was to get their respective titles quieted, and we think appellants were entitled, under the statute, to a new trial as of right, and that the court erred in overruling their motion for such new trial; for which error the judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below, in so far as it affects appellants, be and the same is in all things reversed, at appellees' costs, and that the cause be remanded, with instructions to the court below to sustain appellants' motion for a new trial as of right, and for further proceedings.

Filed Oct. 16, 1884.

## ON PETITION FOR A REHEARING.

HAMMOND, J.—Counsel for appellee insist that the above decision is in conflict with *Butler University* v. *Conard,* 94 Ind. 353. We do not think so. In that case the complaint was in two paragraphs; the first to foreclose a mortgage upon real estate, and the second to recover possession of the same real estate. The answer was by denial, and by setting up, and asking for the foreclosure of, a tax-lien claimed to be paramount to the plaintiff's mortgage. The defendant also filed a cross complaint, in which he claimed to own the land in controversy, and asked to have his title quieted. The find-

ing and judgment were for the plaintiff as to its mortgage and for the defendant upon his tax-lien, giving the latter priority over the former. But there was no finding or judgment for the plaintiff as to its claim for possession, nor for the defendant upon his cross complaint. It was held that the plaintiff was not entitled, as of right, to a new trial. The court said: "We think * * that the true rule is, that where a cause of action to quiet title to, or to recover possession of, real estate is improperly joined with a cause of action in which a new trial as of right is not allowable, the law as to new trials relating to the latter cause of action should govern, and that a new trial in such case, as a matter of right, ought not to be granted. A different rule would place it in the power of parties in all cases to extend the statute, * * to actions in which it was not intended to apply."

The rule stated is correct as applied to a case of misjoinder of causes of action where the judgment, as in that case, is upon a cause in which a new trial as of right is not authorized under the statute, for a different rule, as was there said, would place it in the power of parties to extend the application of the statute providing for new trials, without cause, to cases in which it never was intended to apply. But if, in that case, there had been judgment for the plaintiff upon its claim for possession, or for the defendant upon his cross complaint, there can be no doubt that a new trial as of right might have been properly granted.

In the case now under consideration the plaintiff sought, in its complaint, to set aside certain alleged fraudulent conveyances, and to quiet its title to a part of the lands therein described which it had, in part satisfaction of a judgment, purchased at sheriff's sale, and also to subject other real estate, embraced in said conveyances, to the payment of the residue of its said judgment. As both causes of action grew out of the same transaction, namely, the alleged fraudulent conveyances, and as equitable relief was sought in each cause, it may be doubtful whether there was a misjoinder of causes of ac-

tion. If there was no such misjoinder, the appellants were entitled to a new trial, as a matter of right, even under the appellee's construction of the rule announced in *Butler University* v. *Conard, supra*. But conceding, without deciding, that appellee's complaint improperly joined two causes of action, the effect of the judgment in favor of the appellee was to quiet its title to real estate as well as to subject lands to the payment of the residue of its judgment. We think the case falls within the provisions of section 1064, R. S. 1881, and that the appellants were entitled to a new trial as a matter of right.

The petition for a rehearing is overruled.

Filed Jan. 2, 1885.