No. 12,664.

## CASTOR v. JONES.

REAL ESTATE, ACTION TO RECOVER.—*Plaintiff Must Succeed on Strength of His Own Title.*—In an action to recover the possession of real estate the plaintiff must recover, if at all, on the strength of his own title.

·SAME.— *Will.— Title.— Widow's Right to Possession.*—A testator devised land to R. to have and hold and have full use and possession of during the natural life of the testator and his wife. R. was to have all the testator's property at the death of the latter and his wife. He was to live on the farm with the testator and to comply with the will "during the natural lifetime of myself and said wife." Immediately following the devise to R. during the natural life of the testator and wife was the following provision: "For and in consideration of the above said R. is to take care of me and of my wife during our natural lifetime, and be at all expense every way in doctoring and funeral expenses." The testator's wife survives him.

*Held,* that the devise to R. will not take effect, so as to vest in him a fee simple title, until the death of the widow.

*Held,* also, that neither R., nor any one claiming through him, can, by any right given in the will, maintain an action to oust the widow from the land, but that she is entitled to possession during her life.

From the Montgomery Circuit Court.

*G. D. Hurley, B. Crane* and *A. B. Anderson,* for appellant.

*P. S. Kennedy, S. C. Kennedy, B. F. Ristine, T. H. Ristine* and *H. H. Ristine,* for appellee.

Howk, J.—This was a suit by the appellee against appellant Amy Castor to recover the possession of certain real estate in Montgomery county, and damages for its detention. Appellee also made Allen Rhodes and John Rhodes defendants to his action, but they answered by a disclaimer of any right to or interest in the real estate described in his complaint, and thereafter were apparently dropped from the case. Amy Castor answered by a general denial of each and every material allegation of appellee's complaint. The issues thus joined were finally tried by the court, on the 25th day of June, 1885, and a finding was made that appellee was the owner and entitled to the immediate possession of the real

estate described in his complaint, and was entitled to recover of Amy Castor the sum of $1,600 for his damages for being kept out of possession of such real estate. Over appellant's motion for a new trial, the court rendered judgment against her upon and in accordance with its finding herein.

Errors are here assigned by the appellant, upon the record of this cause, which call in question the overruling (1) of her motion for a new trial, (2) of her exceptions to the form and substance of the judgment herein, and (3) of her written motion to modify such judgment.

In her motion for a new trial, appellant assigned as causes therefor, *inter alia*, (4) that the finding of the trial court was not sustained by sufficient evidence, (5) that such finding was contrary to law, (6) that the court erred in refusing to find that the right and title of appellee Jones to the land in controversy were subject to the rights and provisions of the will of Isaac Castor, in favor of appellant Amy Castor, and (7) that the damages assessed against appellant Amy Castor were excessive, the same being too large. We are of opinion that each one of these causes for a new trial is well assigned, and that, for each and all of such causes, appellant's motion for such new trial was well made and ought to have been sustained.

The case in hand, as it is presented by the record before us, is a peculiar one in many particulars. Each of the parties to the record filed in this court, appellee as well as appellant, claims to derive all the interest which he or she has or asserts in the real estate described in the complaint herein, from a common source, namely, the last will and testament of Isaac Castor, deceased, the late husband of appellant Amy Castor. This last will is *sui generis*, and is fully as peculiar as the case under consideration. This will has been, in several cases, considered and construed by this court in such a manner and to such an extent that its testamentary character and its validity as a will can be no longer regarded as open

questions. *Jones* v. *Rhoads*, 74 Ind. 510; *Castor* v. *Jones*, 86 Ind. 289.

In the case last cited, the will of Isaac Castor was very carefully considered, and in the opinion of the court in that case, wherein the appellant and appellee, in the cause now before us, were then parties, the provisions of such will, which ascertain and determine, we think, the rights and interests of the parties respectively in the land now in controversy, were quoted at length and fully construed. We need not set out these testamentary provisions here, but by reference thereto, as they appear in the opinion in the case last cited, it will be seen that Isaac Castor devised the land in controversy herein to his son-in-law, Daniel Rhodes, "to have and hold and have full use of, in every way, during the natural life of myself and wife, Amy Castor;" that said Rhodes was "to have full and free possession of said property during the natural lifetime of myself and wife;" that said Daniel Rhodes was "to have all my property, both real and personal, at the death of myself and wife;" and that said Rhodes was "to live on said farm and in said house with me," and was "to comply with such will during the natural lifetime of myself and said wife." Immediately following the devise of the land in controversy to Daniel Rhodes, "during the natural life of myself and wife, Amy Castor," the last will of Isaac Castor contains this provision: "For and in consideration of the above, said Rhodes is to take care of me and of my wife, Amy, during our natural lifetime, and be at all expense every way in doctoring and funeral expenses."

In his complaint in this cause, the appellee alleged that he was the owner in fee simple, and entitled to the possession, of the real estate in controversy, and that appellant had possession thereof without right, and had unlawfully kept him out of possession for the six years then last past. Upon these allegations, appellant joined issue by her answer in general denial. Upon the trial of the cause, of course, the

appellee had the burden of the issue. He could only recover, if he recovered at all, by the strength of his own title, and not by reason of any defect or weakness, real or imaginary, in the appellant's title. This is elementary law, but it has always been approved by this court. In *Shipley* v. *Shook*, 72 Ind. 511, a case like the one now before us for the recovery of real estate, the court said: " It is an ancient and invariable rule, that, in actions of this kind, the plaintiff must recover, if at all, on the strength of his own title."

Applying this rule to the case in hand, we have no difficulty in reaching the conclusion that the evidence appearing in the record wholly fails to sustain the averments of appellee's complaint. It is shown by the record that appellee claimed to derive his title to the land in controversy under a mortgage thereon executed to him by Daniel Rhodes and his wife, a decree of the Montgomery Circuit Court foreclosing such mortgage, a sale of the land under such decree to appellee and a sheriff's deed to him in pursuance of such sale, and from no other source. For the purpose of showing, as we may suppose, that the mortgagor, Daniel Rhodes, had title to the land in suit, appellee also put in evidence the last will of Isaac Castor and the probate thereof. But this item of evidence did not prove, nor tend to prove, that Daniel Rhodes was, at the time of the execution of the mortgage, or had since become, the owner in fee simple of the land in controversy ; and no evidence was offered or introduced for the purpose of showing that Rhodes ever had any claim to or interest in such land except such as he had acquired, or might acquire, under the last will of Isaac Castor. It is manifest, we think, from the provisions of such will, that the testator intended to provide appellant, Amy Castor, during her natural life with a home in the house on the farm, and to charge the land with the proper care of his wife, Amy, and with the expense of " doctoring " her during life, and the expenses of her funeral after death. Whatever rights or interest the will may have given Daniel Rhodes in or to the land in contro-

versy, after the death of the testator, it is certain, we think, that it gave him no such right or interest therein as would have authorized or empowered him to maintain an action to oust or exclude Amy Castor from such land or from her home in the farm-house of the testator during her natural life. She is lawfully in the possession of the land and farm-house, and, while she lives, has the lawful right to remain in such possession, without let or hindrance of or from Daniel Rhodes, or of or from any one claiming under him.

We are not required to decide, in the case under consideration, what rights or interest, if any, the appellee has acquired in the land in controversy, under his mortgage from Daniel Rhodes, or its foreclosure, or the sheriff's sale and conveyance to him of such land, under the mortgage. It is enough for us to decide, as we do in this case, that, by the express terms of Isaac Castor's will, the devise of the land to Daniel Rhodes has not taken effect, and, until the death of Amy Castor, will not take effect and become operative·so as to vest a fee simple title to such land, either in Rhodes or in any one claiming under him. As we have seen, however, appellee has sued in this action alleging that he is the owner in fee simple of the land in controversy. In such a case, whatever rights, interests or equities, if any, the appellee might have in the land in controversy, he could only recover, if he recovered at all, by proving that he held the fee simple title to the land when he commenced this suit. This he has not done and can not do, if he.ever can, while Amy Castor lives. *Rowe* v. *Beckett*, 30 Ind. 154; *Stout* v. *McPheeters*, 84 Ind. 585; *Deputy* v. *Mooney*, 97 Ind. 463.

For the reasons given we are of opinion that the trial court clearly erred in overruling appellant's motion for a new trial.

The judgment is reversed, with costs, and the cause is remanded for a new trial and further proceedings not inconsistent with this opinion.

Filed May 15, 1886; petition for a rehearing overruled Sept. 15, 1886.