Stafford v. Cronkhite et al.

No. 12,708.

## STAFFORD v. CRONKHITE ET AL.

REAL ESTATE.—*Action to Recover.*—*New Trial as of Right.*—*Failure to Enter Order Granting Upon Order-Book.*—*Estoppel.*—Where the defendant in an action to recover real estate, against whom judgment has been rendered, applies for a new trial as of right under section 1064, R. S. 1881, duly complies with all the requirements of such statute, and at a subsequent term, it being assumed that a new trial has been granted, the parties appear, and the cause is again tried, resulting in a judgment for the defendant, such judgment is a bar to a subsequent action, based upon the first judgment, to recover the possession of the real estate, although there is no entry upon the order-book of the court showing the granting of the new trial and the vacation of the original judgment.

From the Warren Circuit Court.

*J. McCabe* and *E. F. McCabe*, for appellant.
*W. L. Rabourn* and *H. H. Stilwell*, for appellees.

HOWK, J.—In this case, appellant, Emma Stafford, and John Trimble, as plaintiffs, sued appellees, Josephus and Augustus Cronkhite, as defendants, in a complaint of two paragraphs, to recover the possession of certain real estate, particularly described, in Warren county. In the first paragraph, plaintiffs alleged that they were the equitable owners and entitled to the possession of such real estate; and in the second paragraph of their complaint, they averred that they were the owners in fee simple and entitled to the possession of the same real estate.

Defendants jointly answered in three paragraphs, as follows: 1. A general denial of the complaint. 2. Plaintiffs' cause of action did not accrue within twenty years last past prior to the commencement of this suit. And 3. A former adjudication.

Defendant Augustus Cronkhite filed his separate cross-complaint herein, praying the court to quiet his title to the real estate in controversy herein against the false claims thereto of the plaintiffs.

Plaintiffs jointly answered such cross-complaint by a general denial thereof. Afterwards, plaintiff John Trimble refused to join in the prosecution of this suit, and filed his written dismissal thereof.

The issues joined were submitted to the court for final hearing, and the court found generally for the defendants, and specially for defendant Augustus Cronkhite, as to the issues joined on his cross-complaint; and over the separate motion of plaintiff Emma Stafford for a new trial, the court finally adjudged and decreed that plaintiffs take nothing by their suit herein, that the title of defendant Augustus Cronkhite in and to the real estate in controversy herein be forever quieted as against the plaintiffs, and that defendants recover of plaintiffs their costs herein expended, taxed at, etc.

The first error complained of here, on behalf of plaintiff Emma Stafford, is the overruling of her separate motion for a new trial. In this motion, she assigned a number of causes for such new trial; but the cause upon which her learned counsel seem to place their chief reliance for the reversal of the judgment below is thus assigned in her motion, namely: "Error of law in this, to wit: Because the court erred in overruling the plaintiff's objection to the introduction in evidence of a motion for a new trial, as a matter of right, the bond for costs, the affidavit of non-residence, the proof of publication of notice, the summonses and returns thereon, and the order-book entries in said cause No. 2443, other than those introduced by plaintiff."

It is shown by the bill of exceptions, which is properly in the record, that the plaintiff objected to the introduction of the evidence recited in the cause for a new trial above quoted, and to each separate portion of such evidence, "on the ground that the same was irrelevant and incompetent, because the said evidence nowhere shows an order of said court vacating the judgment rendered in favor of plaintiffs in said cause, nor any order of court granting a new trial of said

cause No. 2443, but the court overruled said objections, and the plaintiff excepted to said ruling of the court."

Plaintiff's evidence in the case at bar tended to prove that on the 29th day of April, 1881, Jesse, John A. and Helen M. Trimble, and Josephine Hedges commenced an action in the court below against said Josephus Cronkhite to recover possession of the same real estate now in controversy; that, in that action, Josephus Cronkhite appeared and answered by a general denial of the complaint; that the action was then continued from term to term of the court below until its June term, 1883, when the trial of the cause by the court resulted in a finding and judgment in favor of the plaintiffs and against defendant therein for the recovery of such real estate and the costs of suit; that on June 8th, 1880, Jesse Trimble conveyed all his interest in the real estate now in controversy to Elizabeth Trimble by his quitclaim deed, recorded July 12th, 1882, in the recorder's office of Warren county; that said Josephine Hedges, *nee* Trimble, and her husband, Dennis Hedges, conveyed the real estate now in controversy to James McCabe by quitclaim deed, dated December 23d, 1881, and recorded July 12th, 1882, in the proper recorder's office; that on November 4th, 1881, Henry Trimble conveyed his interest in the real estate now in controversy to James McCabe, by deed recorded December 9th, 1881, in the proper recorder's office; that on September 29th, 1883, Jesse Trimble conveyed his interest in such real estate to Emma Stafford, by deed recorded October 15th, 1883, in the proper recorder's office; that on March 9th, 1882, James McCabe and wife conveyed all his interest in such real estate to Elizabeth J. Trimble, by deed recorded July 12th, 1882, in the proper recorder's office; and that said Elizabeth J. Trimble died in 1882, and before the commencement of this suit, leaving as her only heirs at law Jesse Trimble, her husband, and said Emma Stafford, the plaintiff in this action. And here plaintiff rested her case.

It is very clear, we think, that plaintiff's evidence herein,

the substance of which we have given, depends entirely for its sufficiency to authorize and sustain a finding in her favor upon the validity of the judgment which she put in evidence. If, as defendants claim, that judgment was vacated, and, in a subsequent trial of that action, granted as a matter of right, defendant Josephus Cronkhite recovered judgment therein, it is manifest that plaintiff Emma Stafford could not possibly recover upon the evidence in this case. She had the burden of the issues joined on her complaint herein, and, in such an action as this, she must recover, if at all, upon the strength of her own title ; and the weakness of defendants' title, or their want of title, will afford plaintiff no ground for recovery. *Shipley* v. *Shook*, 72 Ind. 511 ; *Castor* v. *Jones*, 107 Ind. 283 ; *Walker* v. *Hill*, 111 Ind. 223. ·

The question for decision, then, may be thus stated : Does the defendants' evidence, on the trial of this cause, fairly show that the first judgment in the former action was vacated and set aside upon defendant's application for a new trial as a matter of right, and that the court below and the parties on both sides, in the belief that such new trial had been granted, and without objection from any one, subsequently re-tried the issues in such former action, and that such re-trial resulted in a finding and judgment for defendant therein ? Or (stating the question differently), upon the showing made by defendants' evidence in regard to the first judgment in the former action, can the plaintiff be heard to claim in this action that such first judgment was not vacated by the court below, and a new trial granted as a matter of right to the defendant in such former action ? We are of opinion that the first of the questions stated must be answered in the affirmative, while the last question stated must be answered in the negative.

The exact date of the first judgment in the former action is not given, but plaintiff's evidence indicates that it was rendered on the thirteenth day of the June term, 1883, of such court. The evidence introduced by defendants herein,

in relation to such former action, was precisely the same as that introduced by plaintiffs, from the commencement of such action down to and including the first judgment therein. Defendants then gave evidence which tended to prove that shortly after the rendition of such first judgment, to wit, on the 7th day of July, 1883, the defendant, Josephus Cronkhite, filed in the court below in such former action his written motion for a new trial therein as a matter of right, and that with such motion he also filed, at the same time, his written undertaking, with surety, that he would pay all costs and damages which should be rendered against him in such action; that at the ensuing October term, 1883, the court below ordered that notice be issued to the plaintiffs in such action, returnable on the first day of the next term, and the cause was continued; that at the January term, 1884, the parties appeared by their counsel, and, after sundry orders had been made in the case, one of which was on plaintiffs' motion, the cause was again continued; and that at the March term, 1884, the parties again appeared, and, after plaintiffs had made sundry motions, and had saved exceptions to the rulings thereon, the cause was again tried by the court, and a finding was made for defendant, and, over plaintiffs' motion for a new trial for cause, and their exceptions saved, the court finally adjudged in such former action that the plaintiffs therein take nothing by their suit, and that defendant recover of them his costs, taxed, etc.

In section 1064, R. S. 1881, it is provided as follows: "The court rendering the judgment, on application made within one year thereafter by the party against whom judgment is rendered, his heirs, assigns, or representatives, and on the applicant giving an undertaking, with surety to be approved by the court or clerk, that he will pay all costs and damages which shall be recovered against him in the action, shall vacate the judgment and grant a new trial."

The evidence introduced by defendants on the trial of this cause, the substance of which we have given, shows very

clearly that within one year after the rendition of the first judgment, in the former action, the defendant Josephus Cronkhite complied strictly and literally with the statutory provisions above quoted. This having been done, the court below had no discretion. The statute is mandatory, and made it the imperative duty of the court to vacate its first judgment and grant a new trial. We think the evidence introduced by defendants fairly showed that the court, in compliance with its statutory duty, did vacate its first judgment and did grant the defendant in the former action a new trial as of right, although it does not appear that any entry of such action of the court was made upon its order-book. It is apparent, however, from the defendants' evidence, that the court below, and the parties on both sides, and their respective counsel, acted upon the assumption throughout that the first judgment had been vacated, and a new trial as of right had been granted. The plaintiff in the case under consideration claims title to the land in controversy through and under the plaintiffs in the former action, and the second judgment in that action is valid, binding and conclusive upon the plaintiffs therein, and upon the plaintiff herein who derives her title from them. We are of opinion that plaintiff Emma Stafford can not be heard to claim in this action that the first judgment in the former action was not vacated by the court below, and a new trial as of right granted to the defendant therein, or to dispute the validity of the second judgment rendered in such action. The court did not err, we think, either in admitting the evidence complained of or in overruling plaintiff's motion for a new trial herein.

We have found no error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed March 31, 1888.