Filed May 27, 1889.

No. 13,635.

## Shockley *v.* Starr et al.

Real Estate.—*Action to Recover.*—*Sheriff's Sale.*—*Widow's Inchoate Interest.* —*Estoppel.*—*Title.*—In an action by a surviving wife to recover possession of an undivided one-third of land sold on execution against her husband, the sheriff's sale is not conclusive upon the defendant as to the execution debtor's title, in the absence of a showing that possession was taken and title asserted thereunder, and he may show an inde-

pendent chain of title back to an admitted former owner. *Wright* v. *Tichenor*, 104 Ind. 185, distinguished.

From the Howard Circuit Court.

*J. C. Blacklidge, W. E. Blacklidge* and *B. C. Moon*, for appellant.

*M. Bell* and *W. C. Purdum*, for appellees.

OLDS, J.—This is an action brought by the appellant to recover possession and quiet her title to the undivided one-third ($\frac{1}{3}$) of lots 97 and 98, in the original plat of the town of Kokomo, Howard county, Indiana.

Trial; finding and judgment for the appellees; motion for a new trial by appellant, which was overruled and exceptions reserved. The only error assigned is the overruling of the motion for a new trial.

The appellant claims title to the undivided one-third of the real estate in question as the widow of Eli C. Shockley. It is contended by counsel for appellant, that the evidence shows that Howard county recovered judgment against Eli C. Shockley for $89.61 and costs, in the Howard Court of Common Pleas, on January 7th, 1857; that afterwards execution was issued on said judgment, and the real estate in question levied upon and sold by the sheriff of said county by virtue of said execution, and the county of Howard became the purchaser, and a deed was made to the county in pursuance of said sale; that, subsequent to such purchase, the county sold and deeded said lots to Nancy Starr; that Nancy Starr died, and appellee Reuben E. Starr inherited her title to the lots, and afterwards Reuben E. Starr conveyed one of the lots to appellee Lack Guinan. Upon this state of facts counsel contend that both appellant and appellees derive their titles from Eli C. Shockley, and that neither party is at liberty to deny that Eli C. Shockley had title.

The record shows that it was admitted by the parties upon the trial, " that, on and previous to the 3d day of December, 1844, David Foster was the owner and in possession of the

real estate in controversy in this suit, and which is included in the description in the following deed." Then follows a deed introduced in evidence, being a deed from David Foster to Richardville county. The commissioners' record and plat of the real estate described in the deed from Foster aforesaid, constituting and being the original plat of the town of Kokomo, which includes lots 97 and 98 in controversy in this suit, were also introduced in evidence. The deed, record and plat were introduced in evidence by the appellees, over the objection of the appellant. The objection made and stated to the introduction of the deed, record and plat, is as follows: "The plaintiff objects to the deed, the commissioners' record and plat offered in evidence, for the reason that, when both parties to an action claim title from the same person, neither is at liberty to deny that such person had title to the real estate. The assertion of title through a sheriff's deed involves the assumption that the land was the judgment debtor's, and as such was subject to seizure and sale. The purchaser at a sheriff's sale necessarily asserts that the judgment debtor owned the property sold upon the judgment, and that one claiming a title through a sheriff's sale of a married man's real estate upon an execution against him gets only the title of the husband, and he can not dispute the right of the wife given by statute; that the act of Howard county, in causing said lots 97 and 98 to be sold upon execution as the property of Eli C. Shockley, estops Howard county and all persons claiming title through Howard county from disputing in any way that Eli C. Shockley, at the time of the levy of that execution, had title to the lots which were levied upon by the sheriff and purchased by the county."

It was further admitted on the trial, "that the name of Howard county was formerly Richardville county, and afterwards changed to Howard."

There is no evidence in the record to show that Eli C. Shockley ever received any conveyance for the lots, or that

any title to the lots was ever in him, or that he was ever in the possession of the same. The sole question sought to be presented by the appellant is, that, Howard county having had a judgment against Eli C. Shockley, and having caused an execution to be issued on such judgment and the lots in question to be levied upon as the property of Shockley and sold to satisfy the judgment, and becoming the purchaser of the lots, the county, and all persons claiming title to the lots through the county, are estopped from denying that Eli C. Shockley had title to the lots at the time of the levy and sale, and as against them it is conclusively presumed that Shockley was the owner at that time. Numerous authorities are cited which counsel contend support this position, the principal case relied upon being *Wright* v. *Tichenor,* 104 Ind. 185, but that case holds no such doctrine. In that case the deed to the husband of the appellant was unrecorded. Appellant's husband received a deed for the real estate in question from one Davidson, and executions were issued on judgments rendered against the husband, and the real estate sold ; the purchaser at sheriff's sale took possession, and afterwards received a quitclaim deed from said Davidson and wife for the real estate. The decision is expressly limited to the point in that case, and it holds that the purchaser at sheriff's sale stood in the same position as if he had purchased of appellant's husband, and that he stood in the light of a purchaser with notice of the facts when he received the quitclaim deed from Davidson ; and, as Davidson had no title at the time he executed the quitclaim deed, it did not even convey color of title to the grantee with notice. It is further said by the court, in that case : " The title under which the appellee's grantor entered into possession, therefore, comes from the same source as that asserted by the appellant, and the relation occupied by the parties is substantially that of tenants in common ; hence the appellee cannot assail the common source of title, nor by a release and quitclaim from the grantor of that title destroy his co-tenant's title." But

the facts in that case differ very materially from this case. In that case the facts show that the purchaser at sheriff's sale took possession of the real estate under the purchase at sheriff's sale, and the court says that " the wife of the judgment debtor has a right to presume that possession once taken under the sheriff's deed continues to be held under that deed, and to permit the purchaser to secure a quitclaim from her husband's grantor and assert that against her would put her at a great disadvantage, since she has no opportunities of knowing that there is any change in the character of the possession in the title under which it is held. She is not bound to watch, day by day, to see whether some change is made in the character of the possession, or some new claim of title asserted." In that case the purchaser recognized the judgment debtor's title to the real estate, and took possession under the purchase, and the judgment debtor was, in. fact, the owner ; and, after having purchased and taken possession, the deed from Davidson to the judgment debtor not being of record, the purchaser sought to avoid the interest of the debtor's wife in the real estate by obtaining a quitclaim deed from Davidson. The court held that the purchaser at sheriff's sale took the quitclaim deed with notice of the fact of the judgment debtor's title, and consequently with notice of the fact that his grantor had no title to convey when he executed the quitclaim deed.

It is a rule of law, too well settled to require the citation of authorities, that the plaintiff, in an action to recover possession of real estate, must recover on the strength of his own title, and that he must either trace his title back to the United States or to a grantor in possession under claim of title at the date of his conveyance. *Castor* v. *Jones*, 107 Ind. 283 ; *Peck* v. *Louisville, etc., R. W. Co.*, 101 Ind. 366 ; *Brandenburg* v. *Seigfried*, 75 Ind. 568. And if the plaintiff fail to show title he can not recover, though the defendant have no title. *Deputy* v. *Mooney*, 97 Ind. 463. In this case it is admitted that Foster owned the real estate in 1844 ; the

defendants show a complete chain of title from Foster. Certainly the proposition can not be supported by authority, that a defendant in an action to recover real estate may not show a complete and perfect chain of title back to an admitted owner, or to the United States, or to a grantor in possession under claim of title, by virtue of which he claims title, independently of the fact that he may have a defective title by quitclaim, or sheriff's sale and deed on execution against a grantor through whom the plaintiff claims title.

The admitted owner, in this case, from whom a valid title must come, and to whom title must be traced, was Foster. The plaintiff makes no effort to introduce a chain of title reaching back to Foster, but contents herself with showing that the county of Howard held a judgment against her husband, upon which execution was issued and the land sold to satisfy the same, and does not attempt to even show that possession was taken under and by virtue of such sale.

The defendant shows a complete chain of title back to the admitted owner, independent of the sheriff's sale. This the defendant clearly had a right to do ; and the deed from Foster, and the commissioner's record and plat were properly admitted in evidence. If there was no admission as to Foster having been the owner of the land, and no evidence of title in the county except such as was derived by the sheriff's sale, and proof of taking possession by the county under the sheriff's deed, there would be an entirely different question presented ; but, under the evidence in this case, the finding of the court was correct.

Where title is admitted in a grantor, or both parties to an action claim title to the land from the same person, it is only necessary for the plaintiff to show the better title from the person through whom both parties claim. But that principle does not apply in this case, as regards tracing title to the appellant's deceased husband ; but it does apply in tracing title to Foster, who it was admitted owned the lots at a certain

·date; and, as we have said, the plaintiff did not attempt to trace title back to Foster, and the defendants proved a complete chain of title from Foster to them.

There are some other rulings in the admission of evidence assigned as error. If all the evidence which appellant complains of, in the remaining assignments of error, had been excluded, still there was no evidence upon which she was entitled to recover, and no harm resulted to her by the admission of the evidence objected to.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed May 28, 1889.