Anderson *et al.* *v.* Anderson *et al.*

No. 14,920.

### ANDERSON ET AL. *v.* ANDERSON ET AL.

NEW TRIAL.—*As of Right.*—*Motion for.*—*When May be Made.*—*Motion in Arrest of Judgment.*—A motion for a new trial as a matter of right may be made after a motion in arrest of judgment has been filed. The rule that a motion for a new trial comes too late after a motion in arrest of judgment, only applies to motions for a new trial for cause, where the party has knowledge of the fact on which he grounds his motion for a new trial at the time of moving in arrest of judgment.

SAME.—*Section 1064, R. S. 1881, Construed.*—The provisions of section 1064, R. S. 1881, relative to new trials as a matter of right, are mandatory, and the court has no discretion, but must grant a new trial upon compliance with the requirements of the section, at any time within one year after the rendition of the judgment.

SAME.—*Complaint.*—*When Authorizes New Trial as Matter of Right.*—*Joinder of Partition Count.*—*Effect of.*—Under a complaint by heirs of a grantor, the first paragraph of which seeks to have a deed set aside because of alleged fraud and undue influence exercised by the grantee over the grantor, and the second and third paragraphs of which are to quiet title to the same land, and for partition thereof respectively, a new trial may be claimed as of right by either party. The joinder of the count for partition does not deprive them of that right.

INSTRUCTIONS TO JURY.—*Judged as Entireties.*—*Obvious Mistake.*—*Instruction not Vitiated.*—Instructions are not to be judged by detached clauses or sentences, but as entireties. Where a mistake in an instruction is so obvious that a jury could not have been misled thereby, there is no available error.

From the Clinton Circuit Court.

*J. Kent* and *J. Claybaugh,* for appellants.

*S. H. Doyal, P. W. Gard, J. C. Suit, W. R. Moore* and *J. G. Adams,* for appellees.

McBRIDE, J.—The complaint in this case was in three paragraphs. By the first paragraph it was sought to have a deed for land set aside because of alleged fraud and undue influence exercised by the grantee over the grantor, plaintiffs alleging that they were the owners of the land as heirs at law of the grantor who was deceased.

The second paragraph was to quiet title to the same land,

and the third was for partition of said land. The appellants were the plaintiffs below. The appellee, David Anderson, was the only party who made a defence, the other defendants having filed disclaimers.

The appellee answered by a general denial, and also filed a cross-complaint alleging title in himself to the land, and asking to have his title quieted. The cross-complaint was answered by a general denial. The cause was tried by a jury and the appellants were successful, the jury returning a general verdict in their favor. The appellee filed a motion for a new trial for cause, which was overruled. He then moved in arrest of judgment, but before the motion in arrest was decided he filed a motion for a new trial as of right, under section 1064, R. S. 1881, tendering with it a bond as required by the statute. This motion the court sustained, and granted a new trial.

Appellants then moved the court to set aside and vacate the order granting a new trial as of right, and to restore upon the records the judgment rendered and entered in favor of appellants. The court overruled this motion with other motions by which appellants sought to obtain the same end, and the question was saved by a proper bill of exceptions.

The cause was again tried by a jury and on this trial the appellee was successful, the jury returning a general verdict finding for him, both on the complaint and cross-complaint. A motion by appellants for a new trial for cause was overruled and judgment was rendered in favor of appellee.

Three propositions are argued by counsel for the appellants:

1st. That the court erred in granting a new trial to the appellee after he had moved in arrest of judgment.

2d. That the appellee was not entitled to a new trial as of right.

3d. The court erred in giving certain instructions to the jury.

It is well settled in this State that a motion for a new trial

for cause comes too late after a motion in arrest of judgment. By moving in arrest of judgment a motion for a new trial is waived. 1 Works Practice, section 933, and cases there cited.

This, however, is only true of a motion for a new trial for cause. The reason for the rule, as stated by Chitty in his General Practice, vol. 4, p. 72, is, that by moving to arrest the judgment the party affirms the verdict. The rule as applied to motions for a new trial for cause, is also subject to the exception, that it only applies to cases where the party has knowledge of the fact on which he grounds his motion for a new trial at the time of moving in arrest of judgment. *Mason* v. *Palmerton*, 2 Ind. 117.

The reason for the rule does not exist, and it can have no application when the new trial is asked for as of right under section 1064, *supra*.

The provisions of that section are mandatory, and the court has no discretion, but must grant a new trial upon compliance with the requirements of the section, at any time within one year after the rendition of the judgment. *Stafford* v. *Cronkhite*, 114 Ind. 220; *Indiana, etc., R. W. Co.* v. *McBroom*, 103 Ind. 310.

In our opinion moving in arrest of judgment does not affect the right of a party to thereafter move for a new trial as of right.

Was the appellee entitled to a new trial as of right? In the case of *Butler University* v. *Conard*, 94 Ind. 353, in which the plaintiff joined in the same complaint an action to recover possession of land and an action to foreclose a mortgage, it was held that the causes of action being improperly joined, and the party having no right to a new trial to foreclose the mortgage, a new trial as of right ought not to be granted. This case was followed in *Miller* v. *Evansville Nat'l Bank*, 99 Ind. 272. It is held, however, in the same case, citing the case of *Cooter* v. *Baston*, 89 Ind. 185, that while in an action for partition alone a new trial as of right was

not permissible, yet as under the 5th clause of section 278, R. S. 1881, an action for partition might be joined with an action to recover possession of real property, when the two causes of action were joined, a party to the suit was entitled to a new trial as of right. In the case at bar, as we have said, the second paragraph of the complaint is to quiet title, while the third is for partition. The first paragraph, while in form an action to set aside a deed as fraudulent, is in legal effect an action to recover the land, it being averred, as above stated, that the deed was obtained by the grantee by fraud, and by undue influence over the grantor, who it is averred was the father of the appellants, and they his children and heirs. A suit by creditors to set aside a conveyance as fraudulent, and to subject the land to the payment of a debt, is not a case where a new trial as of right is allowed by the statute. *Truitt* v. *Truitt,* 37 Ind. 514; *Shular* v. *Shular,* 56 Ind. 30.

But where, as in this case, the parties attacking the conveyance are not creditors, but heirs of the grantor, who is deceased, who seek by setting the deed aside to recover the land, we think a new trial may be claimed as of right by either party. *Warburton* v. *Crouch,* 108 Ind. 83; *Adams* v. *Wilson,* 60 Ind. 560; *Physio-Medical College* v. *Wilkinson,* 89 Ind. 23.

It follows, therefore, that in this case, under the first and second paragraphs, the parties were entitled to a new trial as of right, while, on the authority of *Cooter* v. *Baston, supra,* the joinder of the count for partition did not deprive them of that right.

We conclude that the court did not err in granting the new trial as of right, or in afterwards refusing to vacate it.

The instructions complained of are not properly in the record, according to the settled practice of this court, and we might disregard the alleged error in giving them. The

appellee, however, has not raised the question, and we have examined them.

The instructions in all are twenty-one in number. They are very full, and are, in our judgment, a very fair exposition of the law applicable to the facts of the case. Appellants do not complain of any entire instruction, but find fault with one sentence in instruction number 16, and one word in instruction number 16½. Instruction number 16 strikes us as being, when all read together, quite favorable to appellants, and as containing nothing objectionable. At all events the law is well settled that instructions are not to be judged by detached clauses or sentences, but as entireties. *Craig* v. *Frazier*, 127 Ind. 286, and cases cited.

The word objected to in instruction number 16½ is the word "influenced." An examination of the context indicates that by a clerical error the prefix "un" has been omitted, and that the word intended was "uninfluenced." The mistake is so obvious that it could not have misled the jury.

We find no error in the record.

Judgment affirmed.

Filed May 14, 1891.